## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF DELAWARE

JILL A. STEINLE and EARNEST E.    :
STEINLE    :
       :
         Plaintiff,    :
       :
      v.    :
       :
LANKFORD-SYSCO FOOD SERVICES,    :
LLC, a Maryland Corporation, and    :
KEN F. REYNOLDS,    :
       :
         Defendants.    :

C.A. No.    0 5 - 8 1 9

TRIAL BY JURY OF
TWELVE DEMANDED

*2005 NOV 30 PM 4: 20*

---

### IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

### IN AND FOR SUSSEX COUNTY

JILL A. STEINLE and EARNEST E.    :
STEINLE    :
       :
         Plaintiff,    :
       :
      v.    :
       :
LANKFORD-SYSCO FOOD SERVICES,    :
LLC, a Maryland Corporation, and    :
KEN F. REYNOLDS,    :
       :
         Defendants.    :

C.A. No. 05C-08-002 RFS

ARBITRATION PROCEEDING

TRIAL BY JURY OF
TWELVE DEMANDED

---

### NOTICE OF REMOVAL

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE STATE OF DELAWARE:**

Defendants, Lankford-Sysco Food Services, LLC and Ken F. Reynolds, by and through

their attorney, Thomas J. Gerard, Esquire, hereby remove the above-captioned case to this

Honorable Court and provide notice of same to counsel representing the plaintiff. In support of the removal, defendants, Lankford-Sysco Food Services, LLC and Ken F. Reynolds, aver as follows:

1.    On or about August 1, 2005, plaintiffs, Jill A. Steinle and Ernest E. Steinle, filed a lawsuit, docket number 05C-08-002 RFS, against Lankford-Sysco Food Services, LLC and John Doe in the Superior Court of the State of Delaware in and for Sussex County. On November 18, 2005, the Superior Court granted plaintiffs leave to amend their complaint. A copy of the Superior Court Docket Sheet is attached hereto as Exhibit "A".

2.    On or about November 21 , 2005, plaintiffs amended their complaint to include Ken F. Reynolds as an additional defendant. A copy of the amended complaint is attached hereto as Exhibit "B".

3.    Paragraph One (1) of the amended complaint states that plaintiffs were, at all relevant times hereto, residents of Bethany Beach, Delaware. Based upon information and belief, plaintiffs are now residents of Texas.  Paragraph Two (2) of the amended complaint states that Lankford-Sysco Food Services, Inc. is a Maryland Corporation whose registered agent is Capitol Corporate Services, Inc., 5th Floor, 516 North Charles Street, Baltimore, Maryland 21201. Paragraph Three (3) of the amended complaint states that Ken F. Reynolds is an individual residing at 30405 Manokin Avenue, Princess Anne, Maryland 21853. Therefore, the parties to this action, as listed in the complaint, are diversified in citizenship as defined by 28 U.S.C. § 1332.

3.    The matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. See Certification of Value attached hereto. Pursuant to 28 U.S.C. § 1332, this Honorable Court has original jurisdiction over the above-described civil action.

4.     Accordingly, the above-described civil action is one that may be removed by defendants to this Honorable Court by Notice pursuant to 28 U.S.C. § 1441.  This Notice of Removal is being filed within thirty (30) days of defendants, Lankford-Sysco Food Services, LLC and Ken F. Reynolds, being served with the amended complaint which names Ken F. Reynolds as an additional party to this litigation.  In accordance with 28 U.S.C. § 1446 (a), attached hereto as Exhibit "C" is a copy of all process, pleadings, and orders served by or upon the defendants in these proceedings to date.

WHEREFORE, defendants, Lankford-Sysco Food Services, LLC and Ken Reynolds, pray that this Notice of Removal be deemed good and sufficient, and that proceedings attached hereto be removed from the Superior Court of the State of Delaware in and for Sussex County, to the docket of this Honorable Court.

MARSHALL, DENNEHEY, WARNER
COLEMAN & GOGGIN

BY:_____
THOMAS J. GERARD, ESQUIRE
1220 North Market Street
Suite 202
P.O. Box 130
Wilmington, DE 19899
Attorney for Defendants, Lankford-Sysco Food Services, LLC and Ken Reynolds

DATED:     November 29, 2005

## CERTIFICATE OF SERVICE

I, THOMAS J. GERARD, ESQUIRE, hereby certify that on November 29, 2005, two (2)

copies of the **NOTICE OF REMOVAL OF DEFENDANTS, LANKFORD-SYSCO FOOD**

**SERVICES, LLC AND KEN REYNOLDS**, were served by regular mail to the following

attorney of record:

Clayton E. Bunting, Esquire
Wilson, Halbrook & Bayard
P.O. Box 690
Georgetown, DE 19947

MARSHALL, DENNEHEY, WARNER
COLEMAN & GOGGIN

BY:_____
     THOMAS J. GERARD, ESQUIRE
     1220 North Market Street
     Suite 202
     P.O. Box 130
     Wilmington, DE 19899
     Attorney for Defendants, Lankford-
     Sysco Food Services, LLC and Ken
     Reynolds

DATED:    November 29, 2005

# EXHIBIT "A"

```
                    SUPERIOR COURT - SUSSEX COUNTY
                        AS OF 11/28/2005                        PAGE    1

    05C-08-002
    FILED  August 01,2005              PERSONAL INJURY
    JUDGE:  RFS                        ARBITRATION:    SMITH GEORGE B.
    STATUS:  ARB   E-FILED:            JURY TRIAL

BUNTING CLAYTON E.         JILL A. STEINLE
                           AND
                           ERNEST E. STEINLE
                                  -- VS --
GERARD THOMAS J.           LANKFORD-SYSCO FOOD SERVICES, LLC,
                           A MARYLAND CORPORATION
                           AND
GERARD THOMAS J.           KEN F. REYNOLDS
```

08/01/2005    1    INITIAL ARBITRATION COMPLAINT-PT
                   (CLAYTON E. BUNTING)

08/09/2005    2    SUMMONS SENT TO KENT COUNTY SHERIFF FOR SERVICE ON
                   LANKFORD-SYSCO FOOD SERVICES, LLC

08/30/2005    3    WRIT RETURNED
                   SERVED LANKFORD-SYSCO FOOD SERVICES
                   BY SERVING SECRETARY OF STATE ON 8/15/2005
                   10 DEL. C. 382-PT

09/12/2005    4    ENTRY OF APPEARANCE OF THOMAS J. GERARD ON BEHALF OF
                   THE DEFENDANTS, FILED 9/12/2005-PT

09/13/2005    5    NOTICE OF SERVICE OF PLAINTIFFS' FIRST SET OF
                   INTERROGATORIES DIRECTED TO DEFENDANTS PURSUANT TO
                   SUPERIOR COURT CIVIL RULE 16.1(E)(1), FILED 9/12/05-PT

09/15/2005    6    STIPULATION APPOINTING ARBITRATOR FILED 9/15/05 - MT
                      COUNSEL HEREBY STIPULATES TO THE APPOINTMENT OF
                   GEORGE B. SMITH AS ARBITRATOR.
                   (CONTACTED DEFENSE COUNSEL AND ADVISED THAT HE HAD NOT
                   FILED AN ANSWER - ANSWER TO BE FILED SHORTLY - NO
                   APPOINTMENT NOTICE TO BE SENT UNTIL ANSWER HAS BEEN
                   FILED)

10/07/2005    7    LANKFORD-SYSCO FOOD SERVICES'S ANSWER TO
                   COMPLAINT, FILED 10/7/2005-PT
                   (THOMAS J. GERARD)

10/07/2005    8    LANKFORD-SYSCO FOOD SERVICES'S ANSWER TO FORM 30
                   INTERROGATORIES, FILED 10/7/2005-PT

10/07/2005         LAST RESPONSIVE PLEADING FILED

10/07/2005         LAST RESPONSIVE PLEADING FILED.

10/24/2005         ARBITRATION LETTER SENT ON 10/24/2005
                   ARBITRATOR GEORGE B. SMITH

10/24/2005    9    LETTER SENT TO COUNSEL FILED 10-24-05 - HJ

SUPERIOR COURT - SUSSEX COUNTY
AS OF 11/28/2005                                    PAGE    2

05C-08-002

                    SCHEDULING CONFERENCE TO BE HELD WITH COMMISSIONER
                    ALICIA B. HOWARD ON 12-21-05 AT 9:15 A.M.

11/02/2005    10    LETTER FROM THOMAS GERARD FILED 11-1-05 - HJ
                      REQUESTING TO PARTICIPATE IN THE 12-21-05
                    SCHEDULING CONFERENCE BY TELEPHONE.

11/03/2005    11    PLAINTIFF'S MOTION TO COMPEL AND AMEND COMPLAINT,
                    FILED 11/2/2005-PT
                      SCHEDULED FOR NOVEMBER 18, 2005 AT 11:00 A.M.

11/15/2005    12    NOTICE OF DEFENDANTS TO PLAINTIFF'S MOTION TO COMPEL,
                    FILED 11/14/2005-PT

11/18/2005          CIVIL MOTION HEARD - MT
                    RICHARD F. STOKES, JUDGE PRESIDING
                    MOTION HEARD VIA CONFERENCE CALL
                    PLAINTIFFS' MOTION TO COMPEL IS MOOT AT THIS TIME,
                      MAY RESCHEDULE LATER
                    PLAINTIFFS' MOTION TO AMEND COMPLAINT IS GRANTED

11/18/2005    13    ORDER SIGNED BY RICHARD F. STOKES, JUDGE 11/18/05 - MT
                      IT IS HEREBY ORDERED AS FOLLOWS:
                    A.  WITHIN 5 DAYS FROM THE DATE HEREOF, DEFENDANT SYSCO
                    SHALL PROVIDE PLAINTIFFS, IN WRITING, WITH THE FULL
                    NAME, RESIDENTIAL AND BUSINESS ADDRESSES, AND
                    RESIDENTIAL AND BUSINESS TELEPHONE NUMBERS OF DEFENDANT
                    JOHN DOE;
                    B.  WITHIN 5 DAYS FROM THE DATE HEREOF, DEFENDANT SYSCO
                    SHALL FURTHER PROVIDE PLAINTIFFS ANY AND ALL STATEMENTS
                    OF INTERVIEWS DONE IN THE ORDINARY COURSE OF
                    INVESTIGATION OF DEFENDANT SYSCO'S CARRIER;
                    C.  THEREAFTER, PLAINTIFF MAY AMEND THEIR COMPLAINT TO
                    SUBSTITUTE THE INDIVIDUAL IDENTIFIED BY DEFENDANT SYSCO
                    AS JOHN DOE AND THEREAFTER UNDERTAKE SERVICE OF PROCESS
                    UPON HIM;
                    D.  PLARTIES SHALL RENOTICE THIS FOR DECISION ONCE
                    SERVICE ON THE AMENDED COMPLAINT IS COMPLETED WITH THE
                    FILING OF THE DRIVER'S RESPONSE.  PLAINTIFFS' AMENDED
                    COMPLAINT AS SET FORTH ABOVE SHALL RELATE BACK TO THE
                    DATE OF THE ORIGINAL PLEADING, 8/1/05, PURSUANT TO
                    SUPERIOR COURT CIVIL RULE 15(C)(3); DECISION IS
                    RESERVED ON D.

11/21/2005    14    AMENDED COMPLAINT, FILED 11/21/05 - MT
                    (ADDED KEN F. REYNOLDS AS A PARTY)

11/21/2005    15    SUMMONS SENT TO SHERIFF FOR SERVICE ON
                    KEN F. REYNOLDS

# EXHIBIT "B"

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR SUSSEX COUNTY.

| | | |
|---|---|---|
| **JILL A. STEINLE and**<br>**ERNEST E. STEINLE,** | : | **C.A. No. 05C-08-002 RFS** |
| | : | |
| **Plaintiffs,** | : | **ARBITRATION PROCEEDING** |
| | : | |
| **v.** | : | **TRIAL BY JURY OF 12 DEMANDED** |
| | : | |
| **LANKFORD-SYSCO FOOD** | : | |
| **SERVICES, LLC, a Maryland** | : | **PARAGRAPH 4 OF THE COMPLAINT** |
| **corporation, and** | : | **MUST BE DENIED BY AFFIDAVIT** |
| **KEN F. REYNOLDS,** | : | |
| | : | |
| **Defendants.** | : | |

### AMENDED COMPLAINT

AND NOW COME the Plaintiffs, by and through their attorneys, Wilson,

Halbrook & Bayard, and hereby allege the following:

### COUNT I

1.      Plaintiffs, Jill A. Steinle and Ernest E. Steinle, are husband and wife

currently residing in Lakeway, Texas.  At all times referred to herein, they were residents of

Bethany Beach, Delaware.

2.      Defendant Lankford-Sysco Food Services, LLC, formerly Lankford-Sysco

Food Services, Inc. (hereinafter "Sysco"), is a Maryland corporation whose resident agent for

service of process is Capitol Corporate Services, Inc., 5th Floor, 516 North Charles Street,

Baltimore, Maryland 21201.

3.      Defendant Ken F. Reynolds is an individual residing at 30405 Manokin

Avenue, Princess Anne, MD 21853. At the time and place aforesaid, Defendant Reynolds was
operating Defendant Sysco's delivery truck as an employee, servant or agent of said Defendant
Sysco, and was operating the vehicle and delivering food products in and about the course of his
duties as a servant, agent or employee of said Defendant.    Pursuant to the provisions of 10 Del.
C. §3916, Plaintiffs hereby specifically require Defendants to deny the allegations of this present
paragraph 3 by affidavit, setting forth the factual basis for the denial.

4.    On October 3, 2003, Plaintiff Jill Steinle was walking on a public sidewalk
on Garfield Parkway, Bethany Beach, Sussex County, Delaware.

5.    At the time and place aforesaid, Defendant Ken F. Reynolds had stopped
the delivery truck that he was operating, owned by Defendant Sysco, and backed it to the curb in
front of a TCBY store to make a delivery of food products.

6.    At the time and place aforesaid, Defendant Ken F. Reynolds lowered the
ramp from the rear of the truck across the public sidewalk on Garfield Parkway to facilitate his
deliveries.    Defendant Ken F. Reynolds's placement of the ramp rendered the sidewalk
dangerous for use by Plaintiff Jill Steinle and other members of the public.

7.    At the time and place aforesaid, Plaintiff Jill Steinle tripped over the ramp
across the sidewalk and fell to the concrete.

8.    There was no advance warning or other indication apparent to Plaintiff Jill
Steinle that the public sidewalk was unsafe for her to walk upon in the ordinary course.

9.    Defendant Ken F. Reynolds at all times mentioned herein knew or should
have known that the ramp across the sidewalk and perpendicular to the direction of pedestrian
traffic endangered the safety of persons walking on the sidewalk, and persons of ordinary
prudence in the position of Defendant Ken F. Reynolds knew or should have known the same
and remedied the same prior to Plaintiff's fall.    In spite of the foregoing, Defendant Ken F.

Reynolds negligently failed and omitted to remove the same or to take precautions to prevent injury to Plaintiff and other members of the public, especially regarding senior citizens.

10.    Defendants Sysco and Ken F. Reynolds were negligent at all times and places mentioned herein, without limitation, in the following particulars, viz:

a.    In not warning the members of the public, including Plaintiff Jill Steinle, of the dangerous condition of the sidewalk created by the ramp, although Defendants knew or should have known that such condition may not have been readily apparent;

b.    In failing to exercise reasonable care in the placement of the ramp without affording a means of passage along the sidewalk other than over or around the ramp, thus creating a hazardous condition to Plaintiff and other members of the public;

c.    In failing to protect Plaintiff Jill Steinle by taking reasonable steps when harm should have been anticipated because of unsafe placement of the ramp to repair or correct the unsafe condition or to adequately warn Plaintiff with respect thereto;

d.    In knowing or failing to know by the existence of reasonable care the unsafe condition of the sidewalk and failing to realize the condition then existing presented or involved an unreasonable risk to Plaintiff as a member of the public;

e.    In failing to reasonably expect that Plaintiff, as a member of the public, would not discover or realize the dangerous condition existing on the sidewalk or would fail to protect herself against it;

f.    In failing to exercise reasonable care to protect Plaintiff, as a member of the public, against the dangerous condition existing on the sidewalk which was caused by Defendant Ken F. Reynolds;

g.    In failing to adequately train its employees in the safe placement of delivery ramps so as to maintain safe passage over public sidewalks for the general public.

11.    As a result of the negligence of Defendants, Plaintiff Jill A. Steinle sustained severe and painful injuries of body and mind, including but not limited to a broken

nose, chipped front tooth, black eyes, a tear on the inside of her lip, bruised ribs, and a fractured right wrist.

12.    As a further result of the negligence of Defendants, Plaintiff Jill A. Steinle incurred medical expenses in the amount of $4,452.45 as set forth on Exhibit 1 and may incur additional expenses for treatment in the future.

## COUNT II

13.    Plaintiffs reallege the contents of paragraphs 1 through 12 above and incorporate the same herein by reference.

14.    At all times relevant herein, Plaintiffs Jill A. Steinle and Ernest E. Steinle were lawfully husband and wife.

15.    By reason of the injuries to his wife, as hereinabove alleged, Plaintiff Ernest E. Steinle has suffered the loss of her consortium, has been deprived of her aid in maintaining and supporting their household, has lost her conjugal fellowship and society, and has been deprived of her normal companionship, affection, love and sexual relations and of her aid and cooperation in maintaining a normal home life, and has lost every other conjugal relationship formerly enjoyed with her by and under the marriage relationship.

**WHEREFORE**, Plaintiffs demand judgment against Defendants, jointly and severally, for damages generally, as well as special damages to be supplemented prior to trial, together with the costs of this action and expert witness fees pursuant to 10 Del. C. §8906, including but not limited to medical doctors, economists, vocational experts, accident reconstruction experts and other witnesses, as well as such other and further relief as this Court may deem just.

**WILSON, HALBROOK & BAYARD**

By: _____

**CLAYTON E. BUNTING**
**Bar I.D. 376**
P.O. Box 690
Georgetown, DE 19947
(302) 856-0015
Attorney for Plaintiffs

DATED: 11/18/05

EXHIBIT "C"

NOV 4 – 2005

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR SUSSEX COUNTY.

| | |
|---|---|
| JILL A. STEINLE and<br>ERNEST E. STEINLE, | : C.A. No. 05C-08-002 RFS<br>: |
| Plaintiffs, | :<br>: ARBITRATION PROCEEDING<br>: |
| v. | : TRIAL BY JURY OF 12 DEMANDED<br>: |
| LANKFORD-SYSCO FOOD<br>SERVICES, LLC, a Maryland<br>corporation, and<br>JOHN DOE, | :<br>:<br>:<br>: |
| Defendants. | :<br>: |

### NOTICE OF MOTION

TO:   Thomas J. Gerard, Esquire
       P.O. Box 8888
       Wilmington, DE  19899-8888

      **PLEASE TAKE NOTICE** that the undersigned will present the foregoing

**Motion to Compel and for Leave to Amend Complaint Pursuant to Civil Rule 15(c)(3)** to a

Judge of the Superior Court on **Friday, November 18, 2005, at 11:00 a.m.**, or as soon thereafter

as counsel may be heard.

                   WILSON, HALBROOK & BAYARD

                   By: _____
                   CLAYTON E. BUNTING, I.D. #376
                   P.O. Box 690
                   Georgetown, DE  19947
                   (302) 856-0015
                   Attorney for Plaintiffs

**DATED:** 11/2/05

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR SUSSEX COUNTY.

| | |
|---|---|
| **JILL A. STEINLE and**<br>**ERNEST E. STEINLE,** | : **C.A. No. 05C-08-002 RFS**<br>: |
| | : |
| **Plaintiffs,** | : **ARBITRATION PROCEEDING**<br>: |
| **v.** | : **TRIAL BY JURY OF 12 DEMANDED**<br>: |
| **LANKFORD-SYSCO FOOD**<br>**SERVICES, LLC, a Maryland**<br>**corporation, and**<br>**JOHN DOE,** | :<br>:<br>:<br>: |
| | : |
| **Defendants.** | : |

### MOTION TO COMPEL AND FOR LEAVE
### TO AMEND COMPLAINT PURSUANT TO
### SUPERIOR COURT CIVIL RULE 15(c)3

**AND NOW COME** the Plaintiffs, by and through their attorneys, Wilson, Halbrook & Bayard, and, pursuant to Superior Court Civil Rules 33 and 37, hereby move this Court for an Order compelling Defendant Lankford-Sysco Food Services, LLC (hereinafter Defendant Sysco), to respond to Plaintiffs' First Set Of Interrogatories Directed To Defendants Pursuant To Superior Court Civil Rule 16.1(e)(1) and for leave to amend their Complaint pursuant to Superior Court Civil Rule 15(c)(3). In support of such motion, Plaintiffs state as follows:

1. This action arises out of the personal injuries sustained by Jill Steinle on 10/3/03 when she tripped over a ramp placed across a public sidewalk on Garfield Parkway, Bethany Beach, Sussex County, Delaware, by Defendant John Doe, an employee of Defendant Sysco, to facilitate the unloading of his Sysco delivery truck to make a delivery to a TCBY store.

2.     The identity of the driver of the Sysco truck was requested by Plaintiffs' counsel with due diligence as follows:

a.     By letter to Defendant Sysco and its insurance adjuster, Marivel Gomez, at Gallagher Bassett dated 12/2/03 (Exhibit 1);

b.     During a telephone conference with Ms. Gomez on 5/23/05, at which time she advised that she would check the name; a contemporaneous memo of said telephone conference was entered in the undersigned's computer system;

c.     During a telephone conference with Ms. Gomez on 6/23/05; a contemporaneous memo of said telephone conference was entered in the undersigned's computer system;

d.     By letter to Ms. Gomez dated 7/12/05, enclosing a courtesy copy of the complaint (Exhibit 2).

3.     By letter dated 12/8/03 (Exhibit 3), Ms. Gomez acknowledged receipt of the undersigned's letter of 12/2/03 placing Sysco on notice of Plaintiffs' claim. Defendant Sysco has therefore been aware since that time that Plaintiffs were requesting the identity of the driver of the truck.

4.     Plaintiffs' Complaint, necessarily including John Doe as a defendant as a result of Sysco's failure to provide the information requested as to his identity, was filed on 8/1/05, and the Secretary of State was served on 8/15/05 pursuant to the provisions of 8 *Del. C.* §382.

5.     Defense counsel entered his appearance on behalf of Defendant Sysco and Defendant John Doe on 9/9/05.

6.    Plaintiffs' First Set of Interrogatories Directed to Defendants Pursuant to Superior Court Civil Rule 16.1(e)(1), requesting the identity of Defendant John Doe, including his full name, residential and business addresses, and residential and business telephone numbers, was served on defense counsel on 9/12/05, and has not yet been responded to despite request made therefor by telephone conference on 10/10/05 and by letter dated 10/12/05 (Exhibit 4).

7.    An Answer on behalf of Defendant Sysco only was served on Plaintiffs' counsel on 10/6/05, 3 days after the running of the statute of limitations and 27 days after the entry of appearance of defense counsel.  In its answer to Form 30 Interrogatory 2, Defendant Sysco identified Ken Reynolds as the operator of the Lankford-Sysco truck but provided no address or other contact information.  Although the adjuster for Defendant Sysco indicated by phone that a witness was interviewed in the normal course of the carrier's investigation, the interview was not identified, disclosed or provided in Defendant Sysco's responsive pleadings. See *Charles v. Lizer*, 2003 WL 21688306 (Del. Super.)(Exhibit 5).

8.    Plaintiffs are unable to amend their Complaint to substitute Ken Reynolds in lieu of John Doe as a defendant without information sufficient to effect service of process on him, which information has been deliberately withheld from Plaintiffs through the present time, thus impeding the progress of this action, including impairment of timely arbitration, which should necessarily include all parties against whom Plaintiffs may be entitled to obtain judgment.

WHEREFORE, Plaintiffs respectfully pray for an Order as follows:

A.     Compelling disclosure by Defendant Sysco of the full name, residential and business addresses, and residential and business telephone numbers, as repeatedly requested by Plaintiffs since 12/2/03;

B.     Compelling production of any and all statements or transcripts of interviews of witnesses done in the ordinary course of investigation of Defendant Sysco's carrier;

C.     Granting Plaintiffs leave, pursuant to Superior Court Civil Rule 15(c)(3), upon receipt of the requested information, to amend their complaint to substitute Ken Reynolds for Defendant John Doe and thereafter undertake service of process upon him;

D.     That Plaintiffs' amended complaint shall relate back to the date of the original pleading, 8/1/05, pursuant to Superior Court Civil Rule 15(c)(3);

E.     Awarding Plaintiffs reasonable attorney's fees and costs for the preparation and presentation of this motion; and

F.     For such other and further relief as the Court deems appropriate in the premises.

**WILSON, HALBROOK & BAYARD**

By: _____
**CLAYTON E. BUNTING, I.D. #376**
P.O. Box 690
Georgetown, DE 19947
(302) 856-0015
Attorney for Plaintiffs

**DATED:** 11/2/05

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR SUSSEX COUNTY.

| | |
|---|---|
| **JILL A. STEINLE and** | :  **C.A. No. 05C-08-002 RFS** |
| **ERNEST E. STEINLE,** | : |
| | : |
| **Plaintiffs,** | :  **ARBITRATION PROCEEDING** |
| | : |
| **v.** | :  **TRIAL BY JURY OF 12 DEMANDED** |
| | : |
| **LANKFORD-SYSCO FOOD** | : |
| **SERVICES, LLC, a Maryland** | : |
| **corporation, and** | : |
| **JOHN DOE,** | : |
| | : |
| **Defendants.** | : |

## ORDER

AND NOW, TO-WIT, on this _____ day of _____,

2005, the Court having reviewed **Plaintiffs' Motion to Compel and for Leave to Amend Their**

**Complaint Pursuant to Civil Rule 15(c)3**, and the parties having been afforded an opportunity

to be heard with respect thereto,

**IT IS HEREBY ORDERED AS FOLLOWS:**

A.    Within five (5) days from the date hereof, Defendant Sysco shall provide

Plaintiffs, in writing, with the full name, residential and business addresses, and residential and

business telephone numbers of Defendant John Doe;

B.    Within five (5) days from the date hereof, Defendant Sysco shall further

provide Plaintiffs any and all statements or transcripts of interviews of witnesses done in the

ordinary course of investigation of Defendant Sysco's carrier;

C.    Thereafter, Plaintiffs may amend their complaint to substitute the individual identified by Defendant Sysco as John Doe and thereafter undertake service of process upon him;

D.    Plaintiffs' Amended Complaint as set forth above shall relate back to the date of the original pleading, 8/1/05, pursuant to Superior Court Civil Rule 15(c)(3);

E.    Plaintiffs' reasonable attorney's fees for the preparation and presentation of this motion in the amount of $_____ are hereby assessed against Defendant Sysco.

**IT IS SO ORDERED.**

_____
                                    J.

## CERTIFICATE OF SERVICE

      **WILSON, HALBROOK & BAYARD**, attorneys for Plaintiffs in the foregoing cause, hereby certify that two copies of the foregoing **Plaintiffs' Motion to Compel and for Leave to Amend Their Complaint Pursuant to Civil Rule 15(c)3** were forwarded to the following person(s) on November ____2____, 2005, by United States mail, with postage prepaid:

                **Thomas J. Gerard, Esquire**
                **P.O. Box 8888**
                **Wilmington, DE 19899-8888**

                **George B. Smith, Esquire (arbitrator)**
                **P.O. Box 588**
                **Georgetown, DE 19947**

                        **WILSON, HALBROOK & BAYARD**

                    By: _____
                        **Clayton E. Bunting**

LAW OFFICES
## WILSON, HALBROOK & BAYARD
PROFESSIONAL ASSOCIATION
107 WEST MARKET STREET
P. O. BOX 690
GEORGETOWN, DELAWARE 19947
TELEPHONE (302) 856-0015
TELECOPIER (302) 856-7116

EUGENE H. BAYARD
CLAYTON E. BUNTING
DENNIS L. SCHRADER
ROBERT G. GIBBS
ERIC C. HOWARD
MARK D. OLSON
——
DAVID C. HUTT

HOUSTON WILSON
(1910-1980)
ROBERT L. HALBROOK
RETIRED

December 2, 2003

Mr. Jerry Barbierri
Lankford Sysco Food Services
33240 Costen Road
Pocomoke City, Maryland  21851

Maribel Gomez, Adjuster
Gallagher Bassett
1390 Enclave Parkway
Houston, Texas  77077

Dear Mr. Barbierri and Ms. Gomez:

> **RE:  Our Client:  Jill A. Steinle**
> **Date of Accident:  10/3/03**
> **<u>Location of Accident:  Bethany Beach, Delaware</u>**

I am retained to represent Jill A. Steinle in the matter of her claims arising out of injuries that she sustained when she fell over a Lankford Sysco truck ramp that was across the sidewalk on Garfield Parkway near the Boardwalk in Bethany Beach, Delaware, on 10/3/03 at approximately 1:00 p.m.  The truck number was US DOT226969; I would appreciate your providing me with the names of the driver and any employees who assisted with unloading.

In the event any interviews have been conducted, please provide me with copies at your earliest convenience.  It is requested that any future communication with my client be done by contacting this office.  I will provide you with copies of medical records as they are obtained in the future for purposes of documenting my client's injuries.

-2-

Thank you for your attention to the foregoing.

Very truly yours,

WILSON, HALBROOK & BAYARD

Clayton E. Bunting

CEB:bs
pc:    Mr. and Mrs. Ernest Steinle

LAW OFFICES

# WILSON, HALBROOK & BAYARD

PROFESSIONAL ASSOCIATION

107 WEST MARKET STREET

P. O. BOX 690

GEORGETOWN, DELAWARE 19947

TELEPHONE (302) 856-0015

TELECOPIER (302) 856-7116

EUGENE H. BAYARD
CLAYTON E. BUNTING
DENNIS L. SCHRADER
ROBERT G. GIBBS
ERIC C. HOWARD
MARK D. OLSON

DAVID C. HUTT
ROBERT H. ROBINSON, JR.

HOUSTON WILSON
(1910-1980)
ROBERT L. HALBROOK
RETIRED

July 12, 2005

Marivel Gomez, Sr. Claims Representative
Gallagher Bassett
1390 Enclave Parkway
Houston, Texas  77077

Dear Marivel:

> RE:    **Our Client:  Jill A. Steinle**
> **Your Insured:  Sysco Food Services of Lankford**
> **Claim No. 011924-070162-ab-01**
> **Date of Loss:  10/3/03**

Enclosed is a courtesy copy of the complaint prepared for filing with the Superior Court. When we last spoke, you were going to look into complying with my request that you provide the identity of the driver of the Sysco truck involved; for the time being, I have designated him as "John Doe" in the complaint.   Obviously, this far in advance of the tolling of the statute of limitations, I will have an opportunity to amend the complaint under Rule 15 of the Superior Court so as to include the name of the driver, and I would therefore ask, as a matter of good faith and judicial economy, that you provide the name and address of the driver so that he may be included from the outset.

I also note from our last conversation that you were going to evaluate whether sufficient funds could be put on this claim to lead to its resolution without the need for filing suit.

Please let me hear from you with respect to the foregoing.

Very truly yours,

WILSON, HALBROOK & BAYARD

Clayton E. Bunting

CEB:bs
Enclosure
pc:    Mr. and Mrs. Ernest Steinle

**Gallagher Bassett Services, Inc.**

DEC 1 2 2003

December 8, 2003

Law Offices
Wilson, Halbrook & Bayard
107 West Market Street
P.O. Box 690
Georgetown, Delaware 19947
attn: Clayton E. Bunting

RE:     Our Claim No.:
        Our Client:         Sysco Food Services of Lankford
        Date of Loss:       10-03-03

Dear Mr. Bunting:

Our firm administers the insurance program for Sysco Food Services of Lankford.

We acknowledge receipt of your letter placing our client on notice of the above captioned claim. Please forward all file material you may have regarding this matter.

We will take over the handling of this claim to its conclusion. Should you require additional information or assistance, please let us know.

Sincerely,


Marivel Gomez
Sr. Claims Representative

LAW OFFICES

# WILSON, HALBROOK & BAYARD

PROFESSIONAL ASSOCIATION

107 WEST MARKET STREET

P. O. BOX 690

GEORGETOWN, DELAWARE 19947

TELEPHONE (302) 856-0015

TELECOPIER (302) 856-7116

EUGENE H. BAYARD
CLAYTON E. BUNTING
DENNIS L. SCHRADER
ROBERT G. GIBBS
ERIC C. HOWARD
MARK D. OLSON
—
DAVID C. HUTT
ROBERT H. ROBINSON, JR.

HOUSTON WILSON
(1910-1980)
ROBERT L. HALBROOK
RETIRED

October 12, 2005

Thomas J. Gerard, Esquire
P.O. Box 8888
Wilmington, DE 19899

Dear Tom:

>       **RE:    Steinle v. Lankford-Sysco Food Services**
>                **Your File No. 19660-00109**

I write following our telephone conference on October 10. Specifically, this letter addresses my position that there are various affirmative defenses included in your Answer, received on October 7, that need to be removed.

1.     This action was filed well before the tolling of the statute of limitations, and the first affirmative defense therefore does not apply.

2.     The complaint adequately sets forth notice pleading invoking vicarious liability of Lankford-Sysco; therefore, the second affirmative defense, alleging that the complaint fails to state a claim upon which relief may be granted, also does not apply.

3.     In addition, you indicated that you have no evidence at this time that the vehicle being unloaded by the defendant's employee was registered in Delaware. I shared with you that it is my understanding that the principal place of operation and distribution of Lankford-Sysco and its fleet of vehicles is Pocomoke City, Maryland; therefore, 21 *Del. C.* §2118 would not apply. I believe the fifth affirmative defense needs to be stricken, and I have requested that you do so or promptly provide any facts or documents to the contrary.

4.     As to the eighth affirmative defense, alleging the complaint "impermissibly" names a fictitious defendant, I am not aware of any authority consistent with that position. It is thus my position that this defense should also be stricken.

-2-

5.    The same position applies to the ninth affirmative defense, alleging failure to name the individual driver of the truck who was unloading it at time of my client's injury, Ken Reynolds, whose name was not disclosed until my receipt of your answer on October 7 and whose address has still not been provided.

As to the 8th and 9th affirmative defenses, I believe under these circumstances the Court would clearly permit an amendment to relate back and include Ken Reynolds as a defendant in lieu of John Doe, as I have repeatedly requested his identity sufficient to include him in the complaint, which information has been repeatedly denied to me by Gallagher Bassett and so far by your office as well. Further, Ken Reynolds is not an indispensable party under Superior Court Civil Rule 19, and there is precedent for the accepted use of the John Doe designation in a context where at the time of filing the notice pleading the plaintiff is unable to obtain the identity of a driver or negligent agent. *Cf. Lang and John Doe v. Morant*, 867 A.2d 182 (Del. 2005). As I also shared with you during our telephone conference, Ken Reynolds cannot be said to be an indispensable party as a matter of law because plaintiffs' notice pleading purports to hold Lankford-Sysco liable under the doctrine of *respondeat superior*, rendering it the only indispensable party that need be named in the complaint:

> "There is no necessity that the employees be named as defendants in an action if the plaintiff is pursuing an action against the employer under a theory of *respondeat superior* . . . . The only requirement is that the plaintiff have a cause of action against the employer because of the acts of its employees. Further, the fact that a plaintiff attempts to add the employees as parties after the limitations period has expired is of no consequence to an action filed against the employer within the limitations period. There is no authority which would support a contrary conclusion." *Latina v. Kledaris*, 2001 WL 34779647 (Del. Super.).

Copies of both cases cited above are enclosed for your convenience.    See also 27 Am.Jur.2d, *Employment Relationship*, §480, which states the following:

> "At common law, an employer and employee may each and both be liable for the employee's tort in the course of employment. The right of an injured party to sue the employer is a direct or primary right because the claim is distinct and separate from the claim against the employee; therefore, the employee is not a necessary party to an action against an employer."

This conclusion is universally recognized as the law in the application of vicarious liability.

-3-

Thus, I trust that you will promptly withdraw your assertion during our telephone conference that this office "blew the statute of limitations" by not specifically naming the employee, Ken Reynolds, whose name and address have not been provided as requested on multiple occasions over a period of several months and are now the subject of a formal interrogatory propounded on September 12, to which I continue to await your response.

Let me re-emphasize my hope that we can work together in good faith to promptly facilitate the exchange of information and proper status of the pleadings without involving the Court, to the end that the parties' respective substantive positions can be fairly presented on the strength of their merits based on the available evidence. Further, resolving these issues without involving the Court will avoid the appearance delay in providing the answers requested was the result of an intentional strategy to gain an advantage on the part of the defense.

I will look forward to hearing from you promptly in order to avoid the need to prepare and file a motion, which I trust will not be necessary.

Best regards.

Very truly yours,

WILSON, HALBROOK & BAYARD

Clayton E. Bunting

CEB:bs
Enclosures
pc:    Mr. and Mrs. Ernest Steinle

Not Reported in A.2d
Not Reported in A.2d, 2003 WL 21688306 (Del.Super.)
**(Cite as: 2003 WL 21688306 (Del.Super.))**

**H**

Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Superior Court of Delaware.
Joseph & Emmanuella CHARLES
v.
Jonathan A. LIZER
No. Civ.A. 02C-03-039WLW.

July 10, 2003.

Dear Counsel:

WITHAM, J.

*1 After reviewing the submissions of the parties, the Court finds that Plaintiffs' motion in limine is granted; Plaintiffs' motion for default judgment is denied; however, the two motions to compel filed within the motion for default judgment are granted.

*A. Plaintiff's Motion in Limine Regarding Corporal Cheryl Lee Arnold*

Under Delaware Uniform Rule of Evidence 602:
A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the testimony of the witness himself. [FN1]

FN1. D.R.E. 602.

It is undisputed that in her deposition Corporal Arnold provided testimony that she lacks any personal knowledge about the incident. Since Corporal Arnold disclosed that she did not have a present recollection of the accident, a copy of a police report was provided to her to try to refresh her recollection. However, after examining the report Corporal Arnold disclosed that she did not prepare the police report nor did that report refresh her recollection. Since it is well documented that this witness does not have personal knowledge of the accident any proffered testimony of Corporal Arnold is inadmissible.

*B. Plaintiff's Motion in Limine For Default Judgment*

Pursuant to Superior Court Civil Rule 33, interrogatories must be answered fully in writing under oath, and signed by the person making them. [FN2] For purposes of assessing sanctions under Superior Court Civil Rule 37 "an evasive or incomplete answer or response is to be treated as a failure to answer or respond." [FN3] Plaintiffs therefore request that this Court impose sanctions on the Defendant for failing to completely answer and failing to sign the Form 30 Interrogatories.

FN2. Super. Ct. Civ. R. 33(b)(1)-(b)(2).

FN3. Super. Ct. Civ. R. 37(a)(3).

Under Rule 37 the power "to grant a default judgment for failure to make **discovery** is discretionary, 'and such discretion should be exercised so that cases are decided on their merits and not on technicalities." ' [FN4] Furthermore, in *Warner v. Warner Co.* the Supreme Court stated that "it seems clear from an analysis of Rule 37 that the Framers of the Rules intended that the time schedule set out in the Rules, particularly Rule 37, should be considered in their interpretation. Rule 37(a), timewise, comes before Rule 37(d) and this has some importance .... the proponent of the interrogatories should invoke Rule 37(a) by first moving for an order to compel his adversary to answer the interrogatories before invoking the provisions of Rule 37(d) and seeking sanctions." However, the Supreme Court did conclude that in certain cases, specifically if there has been demonstrated willfulness on the part of the adversary that is undermining the litigation, a Motion to Compel under Rule 37(a) is not required before filing a Motion for Sanctions. In the case at bar, the Plaintiffs have not demonstrated that the Defendant wilfully failed to complete the interrogatories. Thus, Plaintiffs' motion for sanctions is denied; however, this Court will grant the Plaintiffs' request that the Defendant be compelled to answer Interrogatory No.3 and Interrogatory No. 8 and sign his interrogatory answers under oath.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d
(Cite as: 2003 WL 21688306, *1 (Del.Super.))

FN4. *Warner v. Warner Co.,* 180 A.2d 279, 282 (Del.1962)

**\*2** The Plaintiffs also request that the Defendant be compelled to **produce** Defendant's recorded **statements** [FN5] made to Allstate **Insurance** Company's investigator, Mr. McCloud. Defendant asserts that Mr. McCloud's report which contains the Defendant's **statements** is privileged because the **statements** were made in anticipation of litigation. Plaintiffs claim that the **statement** of the Defendant was not prepared in anticipation of litigation or for trial and is thus discoverable under Superior Court Civil Rule 26.

FN5. There is some controversy as to whether or not there is a recorded **statement**. Defendant claims there is only a summary of these **statements** prepared from Mr. McCloud.

Materials prepared with the general knowledge that a suit may follow the incident being investigated are deemed not to be prepared in anticipation of trial within the meaning of Superior Court Civil Rule 26(3). [FN6] In *Conley v. Graybeal,* [FN7] the Court held that a sketch of the scene and a transcript the defendant's recorded interview taken by an employee of the defendant's **insurance** company was discoverable under Rule 26. In coming to its conclusion the Court stated:

FN6. *Conley v. Graybeal,* 315 A.2d 609, 610 (Del.Super.Ct.1974).

FN7. 315 A.2d 609 (Del.Super.Ct.1974).

It has previously been held in this jurisdiction that, under similar factual circumstances, **statements** given to an **insurance** adjuster by the defendant prior to intercession of legal counsel and not guided in any way by an attorney or by one charged with preparing litigation were discoverable upon motion of the plaintiff. In reaching this conclusion, this Court cited the ruling of the U.S. District Court, N.D. Illinois, E.D. that "any report or **statement** made by or to a party's agent ... which has not been requested by nor prepared for an attorney nor which otherwise reflects the employment of an attorney's legal expertise must be conclusively presumed to have been made in the ordinary course of **business** and thus not within the purview of the limited privilege

of ... Rule 26(b)(3) ..." Similarly, **statements** made by defendant driver to his claims adjuster were held discoverable by the United States Court of Appeals ... [FN8]

FN8. *Id.* at 610 (internal citations omitted).

The case at bar and the *Conley* case are factually very similar. In both cases the **insurance** company investigator prepared the documents in the regular course of his duties requiring him to make a thorough **investigation** of the accident, and in both cases the documents were prepared months prior to initiation of a suit by the plaintiff. [FN9] The only slight factual difference is that in the *Conley* case the documents were prepared before the plaintiff had retained an attorney; whereas, in the current case the Plaintiffs' attorney in April of 2000 reported the accident to Defendant's **insurance** company and then on November 14, 2000 a demand for settlement was sent to the **insurance** company by Plaintiffs' attorney. Nevertheless here, like in *Conley,* there is no indication that the **statement** was requested or prepared for an attorney, nor in any way reflects the employment of an attorney's expertise. Therefore, this Court finds that the **statement** is discoverable if the Defendant has possession of a transcript of the recorded **statement** that should be given to the Plaintiffs. If no transcript exists, then the Defendant should provide Mr. McCloud's summary of the **statement**.

FN9. The **statement** was given to the **insurance** investigator on March 6, 2001 and suit was not filed by the Plaintiffs until March 28, 2002.

**\*3** Therefore, after reviewing the motions and the response it appears to this Court that the Plaintiffs' Motion in Limine regarding the officer's testimony should be *granted.* Additionally, Plaintiffs' Motion for Default Judgment shall be *denied;* however, to the extent that the Defendant gave incomplete answers to the Form 30 Interrogatories he shall be compelled to give the Plaintiffs complete answers. Finally, the Defendant is compelled to give the Plaintiffs a transcript of Defendant's recorded **statements** given to Mr. McCloud. If a transcript is not within the control of the Defendant, then the summary of the **statement** prepared by Mr. McCloud shall be given to the Plaintiffs.

IT IS SO ORDERED.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d
**(Cite as: 2003 WL 21688306, \*3 (Del.Super.))**

 Not Reported in A.2d, 2003 WL 21688306
(Del.Super.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN AND FOR SUSSEX COUNTY**

JILL A. STEINLE and EARNEST E.          :
STEINLE                                  :
                                         :
                    Plaintiff,           :        **C.A. No. 05C-08-002 RFS**
                                         :
                                         :        **ARBITRATION PROCEEDING**
          v.                             :
                                         :        **TRIAL BY JURY OF 12 DEMANDED**
LANKFORD-SYSCO FOOD SERVICES,:
LLC, a Maryland Corporation and John :
Doe                                      :
                    Defendants.          :

<u>NOTICE OF OPPOSITION TO MOTION</u>

TO:

Clayton Bunting, Esquire
Wilson, Halbrook & Bayard
P.O. Box 690
Georgetown, DE 19947

**PLEASE TAKE NOTICE** that the attached Opposition of Plaintiff's Motion to Compel

and for Leave to Amend Complaint Pursuant to Civil Rule 15(c)(3) will be presented to the

Court on Friday, November 18, 2005, at 11:00 a.m., or as soon thereafter as counsel may be

heard.

                              MARSHALL, DENNEHEY, WARNER,
                              COLEMAN & GOGGIN


                    BY: _____
                              **THOMAS J. GERARD, ESQUIRE**
                              **1220 North Market Street, 5th Floor**
                              **P.O. Box 8888**
                              **Wilmington, DE 19899**
                              **Attorney for Defendant Lankford-Sysco Food**
                              **Services, LLC**

DATED:      November 11, 2005

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR SUSSEX COUNTY

JILL A. STEINLE and EARNEST E.   :
STEINLE   :
   :    C.A. No. 05C-08-002 RFS
     Plaintiff,   :
   :    ARBITRATION PROCEEDING
  v.   :
   :    TRIAL BY JURY OF 12 DEMANDED
LANKFORD-SYSCO FOOD SERVICES,:
LLC, a Maryland Corporation and John :
Doe   :
    Defendants.   :

**OPPOSITION OF DEFENDANT, LANKFORD-SYSCO FOOD
SERVICES, LLC, TO PLAINTIFF'S MOTION TO COMPEL AND
FOR LEAVE TO AMEND COMPLAINT PURSUANT TO CIVIL RULE 15 (c)(3)**

Defendant, Lankford-Sysco Food Services, LLC, ("Sysco") by and through its

undersigned counsel, hereby Responds in Opposition to Plaintiff's Motion to Compel and for

Leave to Amend Complaint Pursuant to Civil Rule 15 (c)(3) in the above-captioned action and

states the following to support its position:

    1.    This action arises from personal injuries sustained by Jill Steinle when she

allegedly tripped over a ramp being utilized by a Sysco delivery truck driver delivering supplies

on October 3, 2005.  The statute of limitations to file suit against a party as a result of this

incident therefore expired on October 3, 2005.  See 10 *Del. C.* § 8119.  Plaintiffs commenced an

action against  Lankford-Sysco Food Services, LLC and John Doe on or about August 1, 2005.

    2.    On November 2, 2005, Plaintiffs filed a motion to amend the complaint seeking to

add Ken Reynolds as a defendant.  Plaintiffs have conceded that the statute of limitations has

expired but argue that Super. Ct. Civ. R. 15 (c)(3) empowers them to add Ken Reynolds as a

named defendant.  In support of their position, Plaintiffs argue that they filed an action against

John Doe and neither Sysco nor the claims representative for Sysco informed their counsel of the identity of the driver.

3.    An amendment seeking to include an additional party to an action may relate back to the date of the original pleading only if 1) the basic claim arose out of the same conduct; 2) the party to be brought into the complaint received such notice that it would not be prejudiced in maintaining a defense; 3) the party knew or should have known that, but for a mistake concerning identity, the action would have been brought against it, and 4) the second and third requirements were fulfilled within the prescribed limitations period. See Super. Ct. Civ. R. 15 (c)(3); See also Murphy v. Bayhealth, Inc., 2005 Del. Super. LEXIS 72, at *6.  Although Courts have broad discretion in determining whether to grant a party leave to amend,  relation back pursuant to Super. Ct. Civ. R. 15 (c)(3) entails no discretionary powers for Courts to exercise. Taylor v. Champion, 693 A.2d 1072 (Del. 1997).

4.    Plaintiffs first contend an amendment naming Ken Reynolds should relate back to the date of the original filing because the original filing included a claim against "John Doe". Delaware law does not, however, recognize the use of fictitious names in lawsuits and their uses will not toll the statute of limitations.  Johnson v. Paul's Plastering, Inc., et.al. 1999 Del. Super. LEXIS 502, at * 4 (Exhibit A).

5.    Plaintiffs next contend that the amendment should relate back to the date of the original filing because Ms. Gomez, an insurance adjuster for Sysco, refused to disclose the identity of the driver prior to this lawsuit being filed.  A duty to disclose, however, must arise by a special relationship between the parties or by law.  Ms. Gomez was never obligated to disclose the identity of Ken Reynolds to Plaintiffs prior to this action being filed.  Disclosure may have, in fact, breached a legal and ethical duty owed by her to Sysco.

6.      Plaintiffs' final contention is that an amendment should be permitted because Sysco did not respond to their interrogatories in a timely fashion.  Notwithstanding the fact Sysco's Answers to Plaintiffs First Set of Interrogatories were not due until after the statute of limitations expired, any conduct on behalf Sysco cannot be imputed onto Ken Reynolds.  Absent some affirmative action on the part of Ken Reynolds to conceal his identity, the statute of limitations cannot be tolled against him.  There are no facts present or even asserted in this motion alleging that Ken Reynolds attempted, in any fashion or manner, to conceal his identity.

7.      With respect to Plaintiffs' Motion to Compel, Plaintiffs have already been provided with the name and address of Ken Reynolds.  Defendant opposes Plaintiffs' motion to compel statements, transcripts, and interviews of witnesses because this action is subject to arbitration and, pursuant to Super. Ct. Civ. R. 16.1 (j), Plaintiffs are not entitled to such information until a trial de novo has been filed with the Court.

WHEREFORE, based upon the aforementioned reasons, Defendant, Lankford-Sysco Food Services, LLC, request that this Honorable Court deny Plaintiff's Motion to Compel and for Leave to Amend Complaint Pursuant to Civil Rule 15 (c)(3).


                                        **MARSHALL, DENNEHEY, WARNER,
                                        COLEMAN & GOGGIN**


                        BY:_____
                                        **THOMAS J. GERARD, ESQUIRE
                                        1220 North Market Street, 5th Floor
                                        P.O. Box 8888
                                        Wilmington, DE 19899
                                        Attorney for Defendant, Lankford-Sysco Food
                                        Services, Inc.**


**DATED:       November 11, 2005**

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR SUSSEX COUNTY

JILL A. STEINLE and EARNEST E.      :
STEINLE      :
      :      C.A. No. 05C-08-002 RFS
              Plaintiff,      :
      :      ARBITRATION PROCEEDING
      v.      :
      :      TRIAL BY JURY OF 12 DEMANDED
LANKFORD-SYSCO FOOD SERVICES, : 
LLC, a Maryland Corporation and John  :
Doe      :
              Defendants.      :

## ORDER

**AND NOW, TO-WIT**, this _____ day of _____, 2005, this Honorable Court having considered Defendant Lankford-Sysco Food Services, LLC's Opposition to Plaintiff's Motion to Compel and for Leave to Amend Their Complaint Pursuant to Civil Rule 15 (c)(3),

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Compel and for Leave to Amend Their Complaint Pursuant to Civil Rule 15 (c)(3)  is **DENIED**.

      **IT IS SO ORDERED**.

                                          _____

                                                    J.