# EXHIBIT

# "A"

Search - 100 Results – john doe no legal effect                                    Page 1 of 6

Source: Legal > States Legal - U.S. > Delaware > Cases > DE State Cases, Combined 🔲
Terms: **john doe no legal effect**  (Edit Search | Suggest Terms for My Search)

✔ Select for FOCUS™ or Delivery
☐

*1999 Del. Super. LEXIS 502, \**

Kenneth L. Johnson v. Paul's Plastering, Inc., Kenny Jester, and Joseph Rizzo & Sons, Inc.

C.A. No. 98C-05-088-WTQ

SUPERIOR COURT OF DELAWARE, NEW CASTLE

1999 Del. Super. LEXIS 502

September 20, 1999, Argued
October 8, 1999, Decided

**DISPOSITION:**  [\*1] Defendant Joseph Rizzo & Sons, Inc.'s Motion to Dismiss the First
Amended Complaint MOTION GRANTED.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Defendant contractor moved to dismiss, as time-barred,
plaintiff's amended complaint alleging defendant contractor was liable for injuries plaintiff
sustained while working at a construction site.

**OVERVIEW:** Plaintiff fell and sustained injuries while working at a construction site.
Plaintiff subsequently sued defendant plastering corporation and defendant individual, as
well as defendants he denominated as "unknown." Three years after the accident, plaintiff
filed an amended complaint naming defendant contractor. Defendant contractor argued
claim against it was barred by statute of limitations. Plaintiff contended service related
back to the date of the original complaint. Court first held defendant's listing of three
"unknown" defendants had no **legal effect**, as the state had no rule authorizing fictitious-
name practice. Court then held plaintiff's failure to include defendant contractor in the
original complaint was caused by plaintiff's lack of knowledge rather than error, and
defendant contractor had no prior notice it would be named in the complaint. Thus, court
held the addition of defendant contractor in plaintiff's amended complaint failed to meet
requirements for the amended complaint to relate back to the original pleading.

**OUTCOME:** Defendant contractor's motion to dismiss granted, as inclusion of defendant
contractor in the amended complaint was barred by the statute of limitations.

**CORE TERMS:** statute of limitations period, proper party, unknown, fictitious-name, statute
of limitations, general contractor, fictitious name, filed suit, notice, Civil Rule, amended
pleading, occurrence, prejudiced, joinder, subcontractor, contractor, scaffold, drywall, newly,
ran

### LexisNexis(R) Headnotes  ◆ Hide Headnotes

Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Motions to Dismiss 🔲
*HN1* ⭢ In evaluating a motion to dismiss under Del. Super. Ct. Civ. R. 12(b)(6), a court
    must assume all well-pleaded facts in the complaint to be true. For purposes of a
    motion under rule 12(b)(6), all allegations in the complaint must be accepted as

true. A complaint will not be dismissed unless the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances susceptible of proof. A complaint may not be dismissed unless it is clearly without merit, which may be a matter of law or fact.  More Like This Headnote

Civil Procedure > Pleading & Practice > Pleadings > Interpretation
HN2± Delaware has no statute or rule authorizing a fictitious name practice. More Like This Headnote

Civil Procedure > Pleading & Practice > Pleadings > Amended Pleadings
Civil Procedure > Pleading & Practice > Pleadings > Relation Back
HN3± The provisions of Del. Super. Ct. Civ. R. 15(c)(3) set forth three conditions that must be satisfied for an amended complaint to relate back to the original pleading. First, the claim asserted by the amendment must arise out of the same conduct, transaction, or occurrence asserted in the original pleading. Second, within the time provided by the rules, the party to be added must have received notice of the institution of the action, so that the party will not be prejudiced. Third, within the time provided by the rules, the party to be added must have known or should have known that, but for the mistake concerning the identity of the proper party, the action would have been brought against the party to be added by the amendment.  More Like This Headnote

Civil Procedure > Pleading & Practice > Pleadings > Amended Pleadings
Civil Procedure > Pleading & Practice > Pleadings > Relation Back
HN4± The relation-back provision of Del. Super. Ct. Civ. R. 15(c)(3), insofar as it concerns amendments that add parties as defendants, is intended to afford a remedy for an innocent error by the plaintiff in misidentifying the defendant. When the rule is applied in a given case, the effect is to enlarge the statute of limitations period. In order to resolve the inherent tension between the rule and a limitations statute, the rule must be applied according to its terms.  More Like This Headnote

Civil Procedure > Pleading & Practice > Pleadings > Amended Pleadings
Civil Procedure > Pleading & Practice > Pleadings > Relation Back
HN5± Lack of knowledge regarding a known party does not constitute a mistake for pleading purposes when considering whether an amended pleading relates back to its original complaint.  More Like This Headnote

Civil Procedure > Pleading & Practice > Pleadings > Amended Pleadings
HN6± In amending a complaint, when a plaintiff wishes to add a new party, as opposed to correcting a previously misnamed party, a court should focus on the new party's appreciation of the fact that the failure to include it in the original complaint was an error and not a deliberate strategy. The "mistake requirement" is designed to ensure that the new defendant knew its joinder was a distinct possibility.  More Like This Headnote

**COUNSEL:** Leo J. Boyle, Esquire, Wilmington, DE.

Carl N. Kuntz, III, Esquire, Murphy Spadaro & Landon, Wilmington, DE.

David L. Baumberger, Esquire, Christopher T. Logullo, Esquire, Wilmington, DE.

**JUDGES:** WILLIAM T. QUILLEN, JUDGE.

**OPINIONBY:** WILLIAM T. QUILLEN

**OPINION:** This is the Court's Letter Opinion and Order on the Defendant Joseph Rizzo &
Sons, Inc.'s ("Rizzo") Motion to Dismiss the First Amended Complaint. For the reasons stated
herein, that Motion is GRANTED.

### FACTS

On May 20, 1996, the Plaintiff, Kenneth T. Johnson ("Johnson"), was working for a drywall
contractor at the A.I. DuPont Hospital on Rockland Road. The drywall contractor was a
subcontractor of Paul's Plastering, Inc. ("Paul's Plastering"); Paul's Plastering in turn was a
subcontractor of Rizzo. Johnson alleges that he was standing on the edge of the scaffolding
with one foot on the outrigger when the scaffold started to tip. As a result, Johnson claims he
fell on his buttocks and was injured.

Johnson filed suit against Paul's Plastering and an employee, Kenny Jester ("Jester").
Johnson claimed Jester negligently **[*2]** installed the scaffold on the balcony of the A.I.
DuPont Hospital. In addition to the negligence claims asserted against the two named
Defendants, Johnson also alleged negligence against unknown parties (labeled Unknown
Defendant No. 2, No. 3, and No. 4). The initial Complaint was filed on May 8, 1998.

On May 5, 1999, after discovery, the Plaintiff was allowed by the Court to file an Amended
Complaint and serve additional Defendants. (Dkt. No. 21). The A.I. DuPont Hospital for
Children was named in the caption, along with Joseph Rizzo and Sons, Inc. The Amended
Complaint asserted negligence claims against the newly added Defendants.

On July 16, 1999, the Nemours Foundation filed a Motion to Dismiss, claiming that it was
incorrectly identified as the A.I. DuPont Hospital for Children in the First Amended Complaint.
(Dkt. No. 34). Plaintiff then filed a Motion to substitute the Nemours Foundation for the A.I.
DuPont Hospital for Children and the Plaintiff's Motion was granted. On July 30, 1999, the
Nemours Foundation's Motion to Dismiss the First Amended Complaint was granted. *Johnson
v. Paul's Plastering Inc. et. al.,* 1999 Del. Super. LEXIS 417, Del. Super., C.A. No. 98C-05-
088, Quillen, J. (July 30, 1999). **[*3]**

On July 30, 1999, the other newly added Defendant, Joseph Rizzo, Sons, Inc., filed a Motion
with this Court to Dismiss the Plaintiff's First Amended Complaint.

### STANDARD OF REVIEW

*HN1* In evaluating a Motion to Dismiss under Superior Court Civil Rule 12(b)(6), the Court
must assume all well pleaded facts in the Complaint to be true. *Nix v. Sawyer,* Del. Super.,
466 A.2d 407, 410 (1983) (citing *Laventhol, Krekstein, Horwath & Horwath v. Tuckman,* Del.
Supr., 372 A.2d 168 (1976)). For purposes of a Motion under Rule 12(b)(6), all allegations in
the Complaint must be accepted as true. *State Use of Certain-Teed Products Corp. v. United
Pacific Ins. Co.,* Del. Super., 389 A.2d 777, 778 (1978). A Complaint will not be dismissed
unless the Plaintiff would not be entitled to recover under any reasonably conceivable set of
circumstances susceptible of proof. *Nix,* 466 A.2d at 410 (citing *Diamond State Tel. Co. v.
University of Del.,* Del. Supr., 269 A.2d 52 (1970)). A Complaint may not be dismissed unless
it is clearly without merit, which may be a matter of law or fact. *Diamond State,* 269 A.2d at
58. **[*4]**

### DECISION

The Court should first deal with the Plaintiff's claim that putting Unknown Defendant No. 2,
No. 3, and No. 4 in the original Complaint should have legal significance in Delaware. The
cases cited to support the proposition are *Nurenburger Hercules-Werke GMBH v. Virostek,*

Nev. Supr., 107 Nev. 873, 822 P.2d 1100 (1991) and *Viviano v. CBS, Inc.*, N.J. Supr., 101 N.J. 538, 503 A.2d 296 (1986). But both of those jurisdictions had rules providing for fictitious-name practice. [HN2] Delaware has no statute or rule authorizing such fictitious-name practice. *Mohl v. Doe*, 1995 Del. Super. LEXIS 215, Del. Super., C.A. No. 91C-04-107, Babiarz, J. (May 11, 1995). Judge Babiarz cited the following cases to support his *Mohl* decision that Delaware law does not permit fictitious-name practice: *Collins v. Liberty Mut. Ins. Co.*, 1991 Del. Super. LEXIS 327, Del. Super., C.A. No. 90C-MR-3, Graves, J. (Aug. 27, 1991); *Marshall v. University of Delaware*, 1989 Del. Super. LEXIS 444, *4, n.2, Del. Super., C.A. No. 82C OC-10, Del. Pesco, J. (Oct. 30, 1989), (filing a claim against a **John Doe** defendant has no **legal effect** in Delaware); *Mergenthaler v. Asbestos Corp. of America*, Del. Super., 500 A.2d 1357, 1363 n.11 (1985); [*5] *Hutchinson v. Fish Eng'g Corp.*, Del. Ch., 38 Del. Ch. 414, 153 A.2d 594, 595 (1959), *appeal dism.*, Del. Supr., 39 Del. Ch. 215, 162 A.2d 722 (1960). n1

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - - -

n1 A fictitious name has been used for the limited purpose of showing an unknown proper party, but that use does not eliminate the necessity of timely notice to the proper party under Rule 15(c)(A). The result would be essentially the same without the use of a fictitious name. The filing against a fictitious name does not in itself toll the statute of limitations.

- - - - - - - - - - - End Footnotes - - - - - - - - - - - - -

[HN3] Rule 15(c)(3) n2 sets forth three conditions that must be satisfied for the Amended Complaint to relate back to the original pleading.

> First, the claim asserted by the amendment must arise out of the same conduct, transaction or occurrence asserted in the original pleading. Second, within the time provided by the rules, the party to be added must have received notice of the institution of the action, so that the party will not be prejudiced. Third, with in the time provided by the rules, the party [*6] to be added must have known or should have known that, but for the mistake concerning the identity of the proper party, the action would have been brought against the party to be added by the amendment.

*Taylor v. Champion*, Del. Supr., 693 A.2d 1072, 1074 (1997).

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n2 Superior Court Civil Rule 15(c) allows for the relation back of an amended pleading to the time of the original Complaint when:

> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
> (3) the amendment changes the party or the naming of the party against whom a

claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by statute or these Rules for service of the summons and complaint, the party to be brought in by Amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (3) knew or should have known that, *but for a mistake concerning the identity of the proper party*, the action would have been brought against the party.

Super. Ct. Civ. R. 15(c) (emphasis supplied). *See Johnson v. Paul's Plastering Inc. et. al.,* 1999 Del. Super. LEXIS 417, Del. Super., C.A. No. 98C-05-088, Quillen, J. (July 30, 1999).

- - - - - - - - - - - - - - - - End Footnotes - - - - - - - - - - - - - - - -  [*7]

The relation-back provision of Rule 15(c)(3), insofar as it concerns amendments that add parties as defendants, is intended to afford a remedy for an innocent error by the plaintiff in misidentifying the defendant. *Marro v. Gopez*, 1993 Del. Super. LEXIS 128, Del. Super., Civ. A. No. 92C-01-102, Del Pesco, J. (Mar. 31, 1993) (citing *Citron, et al. v. Steego Corporation. et al.,* Del. Ch., C.A. No. 10171, Allen, C. (Dec. 23, 1992)). When the rule is applied in a given case, the effect is to enlarge the statute of limitations period. *Taylor*, 693 A.2d at 1075 (citing *Mergenthaler, Inc. v. Jefferson*, Del. Supr., 332 A.2d 396, 398 (1975)). If the inherent tension between the rule and a limitations statute is to be fairly and consistently resolved, the rule must be applied according to its terms. *Id.* (citing *Mergenthaller, Inc.*, 332 A.2d at 398). *HN5* Lack of knowledge regarding a known party is not a mistake. *Walley v. Harris and Harmon*, 1997 Del. Super. LEXIS 543, Del. Super., 96C 08-097, Quillen, J. (Nov. 24, 1997) (citing 3 *Moore's Federal Practice*, 15.19[3][d] n. 45). *HN6* When a plaintiff wishes to add a new party, as opposed to correcting a previously *misnamed* party, [*8] the Court should "focus on the new party's appreciation of the fact that the failure to include it in the original complaint was an error and not a deliberate strategy." 3 *Moore's Federal Practice*, § 15.19[3][d] (3d ed. 1999). "The 'mistake requirement' is designed to ensure that the new defendant knew its joinder was a distinct possibility." *Id*

Here, the pleadings cannot relate back. Plaintiff should have filed suit against Rizzo within the two-year statute of limitations period. Rizzo was working on the same construction site as Paul's Plastering at the A.I. facility. The original Complaint was filed within the statute of limitations period; n3 but there was no notice to Rizzo that it would be named in the Amended Complaint as a Defendant until almost three years after the accident. It seems the Defendant here did not know its joinder was a distinct possibility. n4 Rizzo in fact had no knowledge or notice of Johnson's May 20, 1996 accident and claim for personal injuries until Plaintiff's Amended Complaint was served on Rizzo on June 9, 1999. n5 Rizzo could not have appreciated the fact that the failure to include it in the original Complaint was in error. Simply, [*9] it would be unfair to Rizzo to allow the pleadings to relate back at this late stage. Not until a significant amount of time passed after the statute of limitations ran did Johnson amend the Complaint to add Rizzo. Thus, Rizzo could not have known, nor should it have known, that it would be named in the Complaint. Therefore, the Court will not allow Johnson to relate the amendment back to the original pleading. The Motion to Dismiss the First Amended Complaint is GRANTED. IT IS SO ORDERED.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - -



n3 Under 10 *Del. C.* § 8119, the statute of limitations period in a personal injury action is two years from the date of the accident.

n4 Johnson claims that Paul's Plastering was working under the direction of Rizzo and that a lawsuit would be known by a reasonable general contractor. Johnson further argues that because the accident was reported to Paul's Plastering on the date of the accident, that Rizzo should have known that but for a problem identifying them as the general contractor, they would have been named a party to the action in the original Complaint. But the argument seems self-defeating. Rizzo was a readily knowable party in this situation because it was the general contractor. Johnson should have filed suit against Rizzo before the statute of limitations ran. [*10]

n5 See Dkt. No. 28.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

William T. Quillen

Source: Legal > States Legal  U.S. > Delaware > Cases > DE State Cases, Combined ⚙
Terms: john doe no legal affect (Edit Search | Suggest Terms for My Search)
    View: Full
Date/Time: Thursday, November 10, 2005 - 10:13 AM EST

* Signal Legend:
🔴 - Warning: Negative treatment is indicated
🔲 - Questioned: Validity questioned by citing refs
⚠ - Caution: Possible negative treatment
🔶 - Positive treatment is indicated
🅐 - Citing Refs. With Analysis Available
🅘 - Citation information available
* Click on any Shepard's signal to Shepardize® that case.

About LexisNexis | Terms and Conditions

Copyright © 2005 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

## CERTIFICATE OF SERVICE

I hereby certify that I have served upon all persons listed below two true and correct

copies of the **OPPOSITION OF DEFENDANT, LANKFORD-SYSCO FOOD SERVICES,**

**LLC, TO PLAINTIFF'S MOTION TO COMPEL AND FOR LEAVE TO AMEND**

**COMPLAINT PURSUANT TO CIVIL RULE 15 (c)(3)** in the above captioned matter this

date via regular mail.

Clayton Bunting, Esquire
Wilson, Halbrook & Bayard
P.O. Box 690
Georgetown, DE 19947

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

BY: _____
THOMAS J. GERARD, ESQUIRE
1220 North Market Street, 5th Floor
P.O. Box 8888
Wilmington, DE 19899
Attorney for Defendant, Lankford-Sysco Food
Services, LLC

DATED:     November 11, 2005

NOV 2 1 2005

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

### IN AND FOR SUSSEX COUNTY.

| | |
|---|---|
| JILL A. STEINLE and <br> ERNEST E. STEINLE, | : C.A. No. 05C-08-002 RFS <br> : <br> : |
| Plaintiffs, | : ARBITRATION PROCEEDING <br> : |
| v. | : TRIAL BY JURY OF 12 DEMANDED <br> : |
| LANKFORD-SYSCO FOOD <br> SERVICES, LLC, a Maryland <br> corporation, and <br> KEN F. REYNOLDS, | : <br> : <br> : <br> : <br> : |
| Defendants. | : |

### ALIAS PRAECIPE

TO:    PROTHONOTARY OF SUSSEX COUNTY

PLEASE ISSUE a writ of summons in the above matter and address the writ to the Sheriff of Kent County for service upon the Secretary of State on behalf of Defendant Ken F. Reynolds pursuant to the provisions of 10 *Del. C.* §3112. Said Defendant resides at 30405 Manokin Avenue, Princess Anne, MD 21853.

Upon the filing of the return of service of process upon the Secretary of State, please immediately notify the undersigned in order that the return receipt notice required by 10 *Del. C.* §3112(b) may be sent to Defendant Reynolds.

WILSON, HALBROOK & BAYARD

By: _____
CLAYTON E. BUNTING
P.O. Box 690
Georgetown, DE 19947
(302) 856-0015
Attorney for Plaintiffs

DATED: 11/18/05

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR SUSSEX COUNTY.

| | |
|---|---|
| JILL A. STEINLE and<br>ERNEST E. STEINLE, | : C.A. No. 05C-08-002 RFS<br>: |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : SUMMONS |
| | : |
| LANKFORD-SYSCO FOOD | : |
| SERVICES, LLC, a Maryland | : |
| corporation, and | : |
| KEN F. REYNOLDS. | : |
| | : |
| Defendants. | : |

THE STATE OF DELAWARE,

TO THE SHERIFF OF KENT COUNTY:

YOU ARE COMMANDED:

      To summon the above named defendant so that, within 20 days after service hereof upon defendant, exclusive of the day of service, defendant shall serve upon Clayton E. Bunting, Esquire, plaintiff's attorney, whose address is 107 West Market Street, P.O. Box 690, Georgetown, Delaware 19947, an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense).

      To serve upon defendant a copy hereof and of the complaint (and of the affidavit of demand if any has been filed by plaintiff).

Dated:

                      _____

                      Prothonotary

                      _____

                      Per Deputy

TO THE ABOVE NAMED DEFENDANT:

      In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiff's attorney named above an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense), judgment by default will be

rendered against you for the relief demanded in the complaint (or in the affidavit of demand, if any).

_____

Prothonotary

_____

Per Deputy

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR SUSSEX COUNTY.

| | | |
|---|---|---|
| JILL A. STEINLE and | : | C.A. No. 05C-08-002 RFS |
| ERNEST E. STEINLE, | : | |
| | : | |
| Plaintiffs, | : | ARBITRATION PROCEEDING |
| | : | |
| -v. | : | TRIAL BY JURY OF 12 DEMANDED |
| | : | |
| LANKFORD-SYSCO FOOD | : | |
| SERVICES, LLC, a Maryland | : | PARAGRAPH 4 OF THE COMPLAINT |
| corporation, and | : | MUST BE DENIED BY AFFIDAVIT |
| KEN F. REYNOLDS, | : | |
| | : | |
| Defendants. | : | |

## AMENDED COMPLAINT

AND NOW COME the Plaintiffs, by and through their attorneys, Wilson, Halbrook & Bayard, and hereby allege the following:

## COUNT I

1.      Plaintiffs, Jill A. Steinle and Ernest E. Steinle, are husband and wife currently residing in Lakeway, Texas. At all times referred to herein, they were residents of Bethany Beach, Delaware.

2.      Defendant Lankford-Sysco Food Services, LLC, formerly Lankford-Sysco Food Services, Inc. (hereinafter "Sysco"), is a Maryland corporation whose resident agent for service of process is Capitol Corporate Services, Inc., 5th Floor, 516 North Charles Street, Baltimore, Maryland 21201.

3.      Defendant Ken F. Reynolds is an individual residing at 30405 Manokin

Avenue, Princess Anne, MD 21853. At the time and place aforesaid, Defendant Reynolds was operating Defendant Sysco's delivery truck as an employee, servant or agent of said Defendant Sysco, and was operating the vehicle and delivering food products in and about the course of his duties as a servant, agent or employee of said Defendant.   Pursuant to the provisions of 10 Del. C. §3916. Plaintiffs hereby specifically require Defendants to deny the allegations of this present paragraph 3 by affidavit, setting forth the factual basis for the denial.

4.     On October 3, 2003, Plaintiff Jill Steinle was walking on a public sidewalk on Garfield Parkway, Bethany Beach, Sussex County, Delaware.

5.     At the time and place aforesaid, Defendant Ken F. Reynolds had stopped the delivery truck that he was operating, owned by Defendant Sysco, and backed it to the curb in front of a TCBY store to make a delivery of food products.

6.     At the time and place aforesaid, Defendant Ken F. Reynolds lowered the ramp from the rear of the truck across the public sidewalk on Garfield Parkway to facilitate his deliveries.   Defendant Ken F. Reynolds's placement of the ramp rendered the sidewalk dangerous for use by Plaintiff Jill Steinle and other members of the public.

7.     At the time and place aforesaid, Plaintiff Jill Steinle tripped over the ramp across the sidewalk and fell to the concrete.

8.     There was no advance warning or other indication apparent to Plaintiff Jill Steinle that the public sidewalk was unsafe for her to walk upon in the ordinary course.

9.     Defendant Ken F. Reynolds at all times mentioned herein knew or should have known that the ramp across the sidewalk and perpendicular to the direction of pedestrian traffic endangered the safety of persons walking on the sidewalk, and persons of ordinary prudence in the position of Defendant Ken F. Reynolds knew or should have known the same and remedied the same prior to Plaintiff's fall.   In spite of the foregoing, Defendant Ken F.

Reynolds negligently failed and omitted to remove the same or to take precautions to prevent injury to Plaintiff and other members of the public, especially regarding senior citizens.

10.    Defendants Sysco and Ken F. Reynolds were negligent at all times and places mentioned herein, without limitation, in the following particulars, viz:

a.    In not warning the members of the public, including Plaintiff Jill Steinle, of the dangerous condition of the sidewalk created by the ramp, although Defendants knew or should have known that such condition may not have been readily apparent;

b.    In failing to exercise reasonable care in the placement of the ramp without affording a means of passage along the sidewalk other than over or around the ramp, thus creating a hazardous condition to Plaintiff and other members of the public;

c.    In failing to protect Plaintiff Jill Steinle by taking reasonable steps when harm should have been anticipated because of unsafe placement of the ramp to repair or correct the unsafe condition or to adequately warn Plaintiff with respect thereto;

d.    In knowing or failing to know by the existence of reasonable care the unsafe condition of the sidewalk and failing to realize the condition then existing presented or involved an unreasonable risk to Plaintiff as a member of the public;

e.    In failing to reasonably expect that Plaintiff, as a member of the public, would not discover or realize the dangerous condition existing on the sidewalk or would fail to protect herself against it;

f.    In failing to exercise reasonable care to protect Plaintiff, as a member of the public, against the dangerous condition existing on the sidewalk which was caused by Defendant Ken F. Reynolds;

g.    In failing to adequately train its employees in the safe placement of delivery ramps so as to maintain safe passage over public sidewalks for the general public.

11.    As a result of the negligence of Defendants, Plaintiff Jill A. Steinle sustained severe and painful injuries of body and mind, including but not limited to a broken

nose, chipped front tooth, black eyes, a tear on the inside of her lip, bruised ribs, and a fractured right wrist.

        12.    As a further result of the negligence of Defendants, Plaintiff Jill A. Steinle incurred medical expenses in the amount of $4,452.45 as set forth on Exhibit I and may incur additional expenses for treatment in the future.

### COUNT II

        13.    Plaintiffs reallege the contents of paragraphs 1 through 12 above and incorporate the same herein by reference.

        14.    At all times relevant herein, Plaintiffs Jill A. Steinle and Ernest E. Steinle were lawfully husband and wife.

        15.    By reason of the injuries to his wife, as hereinabove alleged, Plaintiff Ernest E. Steinle has suffered the loss of her consortium, has been deprived of her aid in maintaining and supporting their household, has lost her conjugal fellowship and society, and has been deprived of her normal companionship, affection, love and sexual relations and of her aid and cooperation in maintaining a normal home life, and has lost every other conjugal relationship formerly enjoyed with her by and under the marriage relationship.

        **WHEREFORE**, Plaintiffs demand judgment against Defendants, jointly and severally, for damages generally, as well as special damages to be supplemented prior to trial, together with the costs of this action and expert witness fees pursuant to 10 Del. C. §8906, including but not limited to medical doctors, economists, vocational experts, accident reconstruction experts and other witnesses, as well as such other and further relief as this Court may deem just.

WILSON, HALBROOK & BAYARD

By: _____

CLAYTON E. BUNTING
Bar I.D. 376
P.O. Box 690
Georgetown, DE 19947
(302) 856-0015
Attorney for Plaintiffs

DATED: 11/18/05

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR SUSSEX COUNTY.

| | |
|---|---|
| JILL A. STEINLE and<br>ERNEST E. STEINLE, | : C.A. No. 05C-08-002 RFS<br>:<br>: |
| Plaintiffs, | : ARBITRATION PROCEEDING<br>: |
| v. | : TRIAL BY JURY OF 12 DEMANDED<br>: |
| LANKFORD-SYSCO FOOD<br>SERVICES, LLC, a Maryland<br>corporation, and<br>KEN F. REYNOLDS, | :<br>:<br>:<br>:<br>: |
| Defendants. | : |

## ANSWERS TO INTERROGATORIES
## APPEARING IN SUPERIOR COURT
## INTERIM CIVIL RULE FORM 30

Interrogatory 1. Give the name and present or last known residential and employment address and telephone number of each eyewitness to the incident which is the subject of the litigation.

Answer 1. Josephine Yuppa, 19 Douglas Terrace, Woodcliff Lake, NJ 07677.

Interrogatory 2. Give the name and present or last known residential and employment address and telephone number of each person who has knowledge of the facts relating to the litigation.

Answer 2. In addition to Plaintiffs, the following:

a.      Representatives of Gallagher Bassett, 1390 Enclave Parkway, Houston, Texas 77077;

b.      Dr. Paul Howard, 1535 Savannah Road, Lewes, Delaware 19958;

   c.  Representatives of Tidewater Physical Therapy, 63 Atlantic Avenue, Ocean View, Delaware 19970;

   d.  Dr. Paul Harriott, 702B Savannah Road, Lewes, Delaware 19958;

   e.  Representatives of Medical Benefits Administrators of MD, Inc., 3103 Emmorton Road, Abington, Maryland 21009;

   f.  Dr. James Kramer, P.O. Box 348, Selbyville, Delaware 19975;

   g.  Medical personnel at Beebe Medical Center, 424 Savannah Road, Lewes, Delaware 19958;

   h.  Dr. Habib Boulourchi, Henlopen Cardiology, 4503 Highway One, Rehoboth Beach, Delaware 19971;

   i.  Jerry Barbierri, Lankford-Sysco Food Services, Inc., Pocomoke City, Maryland 21851;

   j.  Representatives of the Town Manager's Office, Town of Bethany Beach, Delaware 19930;

   k.  Dr. Jihad Alhariri, 360 Long Neck Road, Millsboro, Delaware 19966.

   l.  <u>Ken F. Reynolds, 30405 Manokin Avenue, Princess Anne, MD 21853.</u>

  <u>Interrogatory 3</u>. Give the names of all persons who have been interviewed in connection with the above litigation, including the names and present or last known residential and employment addresses and telephone numbers of the persons who made said interviews and the names and present or last known residential and employment addresses and telephone numbers of persons who have the original and copies of the interview.

  <u>Answer 3</u>. None to date other than Plaintiffs by counsel, which are privileged.

**Interrogatory 4**.  Identify all photographs, diagrams or other representations made in connection with the matter in litigation, giving the name and present or last known residential and employment address and telephone number of the person having the original and copies thereof.  (In lieu thereof, a copy can be attached.)

**Answer 4**.  **Plaintiff's counsel is in possession of photographs of accident scene.**

**Interrogatory 5**.  Give the name, professional address and telephone number of all expert witnesses presently retained by the party, together with the dates of any written opinions prepared by said expert.  If an expert is not presently retained, describe by type the experts whom the party expects to retain in connection with the litigation.

**Answer 5**.  **None retained as such at this time; experts expected to be retained will be medical providers.**

**Interrogatory 6**.  Give a brief description of any insurance policy, including excess coverage, that is or may be applicable to the litigation, including:

(a) The name and address of all companies insuring the risk;

(b) The policy number(s);

(c) The type of insurance;

(d) The amounts of primary, secondary and excess coverage.

**Answer 6**.  **None known to Plaintiffs other than their personal health insurance, which has paid medical bills for Mrs. Steinle's treatment and alleges a subrogation lien for repayment of amounts paid.**

**Interrogatory 7**.  Give the name, professional address, and telephone number of all physicians, chiropractors, psychologists and physical therapists who have examined or treated you at any time during the ten year period immediately prior to the date of the incident at issue in this litigation.

Answer 7.  Dr. Vincent Killeen, 1535 Savannah Road, Lewes, Delaware 19958; Dr. Habib Boulourchi, Henlopen Cardiology, 4503 Highway One, Rehoboth Beach, Delaware 19971.

WILSON, HALBROOK & BAYARD

By: _____
CLAYTON E. BUNTING, Bar ID #376
P. O. Box 690
Georgetown, DE  19947
(302) 856-0015
Attorney for Plaintiffs

DATED: 11/19/05

## VERIFICATION

STATE OF TEXAS                  :
                                : SS.
COUNTY OF                       :

BE IT REMEMBERED, that on this 19 day of ___July___, A.D.

2005, personally appeared before me, the Subscriber, a Notary Public for the State and County

aforesaid, ERNEST E. STEINLE and JILL A. STEINLE, who, being by me first duly sworn

according to law, did depose and say:

    (1)    They are the plaintiffs named in the foregoing civil action; and

    (2)    The facts and circumstances set forth in the foregoing Answers to Form

30 Interrogatories are true and correct, to the best of their knowledge, information and belief.

_____
Ernest E. Steinle

_____
Jill A. Steinle

SWORN TO AND SUBSCRIBED before me, the day and year aforesaid.

_____
Notary Public

GLEN RUMSDF
Notary Public, State of Texas
My Commission Expires
MARCH 1, 2009

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR SUSSEX COUNTY.

JILL A. STEINLE and         :   C.A. No. 05C-08-002 RFS
ERNEST E. STEINLE,           :
                               :
     Plaintiffs,            :   ARBITRATION PROCEEDING
                               :
       v.                 :   TRIAL BY JURY OF 12 DEMANDED
                               :
LANKFORD-SYSCO FOOD     :
SERVICES, LLC, a Maryland    :
corporation, and            :
KEN F. REYNOLDS,        :
                               :
     Defendants.          :

## RULE 3 AFFIDAVIT

STATE OF DELAWARE   :
                          : SS.
COUNTY OF SUSSEX     :

     BE IT REMEMBERED, that on this _18th_ day of _November_ 2005, personally appeared before me, the Subscriber, a Notary Public for the State and County aforesaid, CLAYTON E. BUNTING, who, being by me first duly sworn according to law, did depose and say:

     1.     He is the attorney for **Jill A. Steinle** and **Ernest E. Steinle**, Plaintiffs in the above-captioned civil action.

     2.     All documentary evidence relating to special damages in this matter is being gathered and will be supplied to the attorney for the defendant(s) upon entry of an appearance.

     3.     All relevant tax information will be supplied to the attorney for the defendant(s) upon entry of an appearance.



**CLAYTON E. BUNTING**

**SWORN TO AND SUBSCRIBED** before me, the day and year aforesaid.

_____
Notary Public

SUPE   OR COURT CIVIL CASE INFORMATION ST    EMENT (CIS)

COUNTY: NEW CASTLE ☐    KENT ☐    SUSSEX ☒          Civil Action Number: _____

Civil Case Code: __CPIN___                          Civil Case Type: _Personal Injury_

*(SEE PAGE TWO FOR CIVIL CASE CODE & CIVIL CASE TYPE)*

| | |
|---|---|
| Caption:<br><br>Jill A. Steinle and Ernest E. Steinle<br><br>v. Lankford-Sysco Food Services, LLC,<br><br>a Maryland Corporation, and John Doe | Name and Status of Party filing document:<br><br>Jill A. Steinle and Ernest E. Steinle<br>Plaintiffs<br>Document Type:(e.g., COMPLAINT; ANSWER WITH COUNTERCLAIM)<br><br>Complaint<br><br>Non-Arbitration ☐          eFile ☐<br><br>(CERTIFICATE OF VALUE MAY BE REQUIRED)<br><br>Arbitration ☒  Mediation ☐  Neutral Assessment ☐<br>DEFENDANT (CHECK ONE)  ACCEPT ☐  REJECT ☐<br>JURY DEMAND  YES ☒  No ☐<br>TRACK ASSIGNMENT REQUESTED (CHECK ONE)<br>EXPEDITED ☐  STANDARD ☒  COMPLEX ☐ |
| ATTORNEY NAME(S):<br>Clayton E. Bunting<br>ATTORNEY ID(S):<br>376<br>FIRM NAME:<br>Wilson, Halbrook & Bayard<br>ADDRESS:<br>P.O. Box 690<br>Georgetown, DE 19947<br>TELEPHONE NUMBER:<br>856-0015<br>FAX NUMBER:<br>856-7116<br>E-MAIL ADDRESS:<br>cebunting@whblaw.com | IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITIALS<br><br>EXPLAIN THE RELATIONSHIP(S):<br><br>OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT:<br><br>(IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGE.) |

THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER, OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED.  THE FAILURE TO FILE THE CIS AND HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.

Revised 9.17.99