## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR SUSSEX COUNTY

JILL A. STEINLE and EARNEST E.    :
STEINLE    :
   :    C.A. No. 05C-08-002 RFS
        Plaintiff,    :
   :    ARBITRATION PROCEEDING
     v.    :
   :    TRIAL BY JURY OF 12 DEMANDED
LANKFORD-SYSCO FOOD SERVICES,    :
LLC, a Maryland Corporation and John    :
Doe    :
        Defendants.    :

### STIPULATION APPOINTING ARBITRATOR

The parties, by their undersigned attorneys, pursuant to Superior Court Civil Rule

16.1(d)(2), hereby stipulate and agree to the appointment of George B. Smith, Esquire as

arbitrator in the above-captioned matter to conduct the arbitration hearing required by Superior

Court Civil Rule 16.1.

MARSHALL, DENNEHEY, WARNER,         WILSON, HALBROOK & BAYNARD
COLEMAN & GOGGIN

By: _____        By: _____
THOMAS J. GERARD, ESQ.             CLAYTON BUNTING, ESQ.
1220 N. Market Street, Ste. 202         P.O. Box 690
P.O. Box 130                Georgetown, DE 19947
Wilmington, DE 19899         Attorney for Plaintiffs
Attorney for Defendants

SO ORDERED, this _____ day of _____ , 2001

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR SUSSEX COUNTY.

| | |
|---|---|
| JILL A. STEINLE and<br>ERNEST E. STEINLE, | : C.A. No. 05C-08-002 RFS<br>:<br>: |
| Plaintiffs, | : ARBITRATION PROCEEDING<br>: |
| v. | : TRIAL BY JURY OF 12 DEMANDED<br>: |
| LANKFORD-SYSCO FOOD<br>SERVICES, LLC, a Maryland<br>corporation, and<br>JOHN DOE, | :<br>:<br>:<br>: |
| Defendants. | : |

## PLAINTIFFS' FIRST SET OF INTERROGATORIES
## DIRECTED TO DEFENDANTS PURSUANT TO
## SUPERIOR COURT CIVIL RULE 16.1(e)(1)

You are requested to answer the following interrogatory within 30 days from the date of service thereof, pursuant to Superior Court Civil Rule 16.1(e)(1):

1.    Please identify the individual defendant named in the Complaint as "John Doe", stating the following particulars:

a.    The full name, residential address, and residential telephone number of said individual; and

b.    The last known business address and telephone number of said individual.

WILSON, HALBROOK & BAYARD

By: _____
CLAYTON E. BUNTING, I.D. #376
P.O. Box 690
Georgetown, DE 19947
(302) 856-0015
Attorney for Plaintiffs

DATED: 9/12/05

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR SUSSEX COUNTY.

| | |
|---|---|
| JILL A. STEINLE and<br>ERNEST E. STEINLE, | : C.A. No. 05C-08-002 RFS<br>: |
| | : |
| Plaintiffs, | : ARBITRATION PROCEEDING<br>: |
| v. | : TRIAL BY JURY OF 12 DEMANDED<br>: |
| LANKFORD-SYSCO FOOD<br>SERVICES, LLC, a Maryland<br>corporation, and<br>JOHN DOE, | :<br>:<br>:<br>: |
| | : |
| Defendants. | : |

## NOTICE OF SERVICE

TO: PROTHONOTARY OF SUSSEX COUNTY

PLEASE TAKE NOTICE that on the 12th day of September, 2005, two copies of Plaintiffs' First Set of Interrogatories Directed to Defendants Pursuant to Superior Court Civil Rule 16.1(e)(1) were forwarded to the following person(s) by United States mail, with postage prepaid:

Thomas J. Gerard, Esquire
P.O. Box 8888
Wilmington, DE 19899-8888

WILSON, HALBROOK & BAYARD

By: _____
CLAYTON E. BUNTING
P.O. Box 690
Georgetown, DE 19947
(302) 856-0015
Attorney for Plaintiffs

DATED: 9/12/05

## SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)

COUNTY:    New Castle ☐    Kent ☐    Sussex ☒    Civil Action Number:    C.A. No.: 05C-08-002 RFS

Civil Case Code    CPIN    Civil Case Type:    Personal Injury

(See Page Two For Civil Case Code & Civil Case Type)

| Caption: | Name and Status of Party filing document:<br>Defendant, Lankford-Sysco Food Services |
|---|---|
| JILL A. STEINLE and ERNEST E. STEINLE,<br><br>                    Plaintiffs,<br><br>v.<br><br>LANKFORD-SYSCO FOOD SERVICES, LLC, a Maryland corporation, and JOHN DOE,<br><br>                    Defendants. | Document Type: (e.g., Complaint, Answer With Counterclaim)<br>Answer with Affirmative Defenses and Answers to Form 30's |

Non-Arbitration ☐    eFile ☐
(Certificate Of Value May Be Required)

Arbitration ☒    Mediation ☐    Neutral Assessment ☐
DEFENDANT (CHECK ONE)    ACCEPT ☒    REJECT ☐

JURY DEMAND    ☒ YES    ☐ NO

Track Assignment Requested: (Check One)
**EXPEDITED** ☐    **STANDARD** ☒    **COMPLEX** ☐

Attorney Name(s):
Thomas J. Gerard, Esquire
Attorney ID(s): 2959

Firm Name:
Marshall, Dennehey, Warner, Coleman & Goggin
Address:
1220 N. Market Street, 5th Floor
P.O. Box 8888
Wilmington, DE 19899

Telephone Number:
(302) 552-4303

Fax Number:
(302) 651-7905

E-mail Address:
tjgerard@mdwcg.com

Identify Any Related Cases Now Pending In The Superior Court By Caption And Civil Action Number Including Judge's Initials

Explain The Relationship(S):

Other Unusual Issues That Affect Case Management:

(If Additional Space Is Needed, Please Attach Page)

THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED. THE FAILURE TO FILE THE CIS AND TO HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR SUSSEX COUNTY

JILL A. STEINLE and ERNEST E.       :
STEINLE,                            :
                                    :        C.A. No. 05C-08-002 RFS
            Plaintiffs,             :
                                    :        ARBITRATION
v.                                  :
                                    :        TRIAL BY JURY OF
LANKFORD-SYSCO FOOD                 :        TWELVE DEMANDED
SERVICES, LLC, a Maryland           :
corporation, and JOHN DOE,          :
                                    :
            Defendants.             :

## ANSWER OF DEFENDANT, LANKFORD-SYSCO FOOD SERVICES, TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE DEFENSES

### COUNT I

1.    Defendant, Lankford-Sysco Food Services, hereinafter "Answering Defendant", is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

2.    Admitted.

3.    Denied.

4.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

5.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

6.    Denied.

7.    Denied.

8.    Denied.

9.    Denied.

10 (a)-(g).    Denied.

11.    Denied.

12.    Denied.

## COUNT II

13.    The allegations of paragraphs 1 through 12 are realleged and incorporated herein as though fully set forth.

14.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

15.    Denied.

WHEREFORE Answering Defendant demands that judgment be entered in its favor and against plaintiffs, together with reasonable attorney's fees and costs.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff claims are barred by the applicable statute of limitations.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's harm was caused by a person(s) and/or parties not under the control of Answering Defendant and, as such, Answering Defendant is not responsible for plaintiff's harm.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's harm was the result of a superceding/intervening cause.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for medical expenses and/or special damages may be barred or limited by 21 Del. C. §2118.

## SIXTH AFFIRMATIVE DEFENSE

Answering Defendant denies any liability whatsoever and contends that the incident and any resulting injuries were proximately caused by the negligence of Plaintiff, Jill A. Steinle, in that she:

    (a)    failed to keep her body under sufficient control;

    (b)    failed to take reasonable and appropriate steps for her own safety;

    (c)    failed to heed available warnings; and

    (d)    was otherwise negligent as further discovery may demonstrate.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent that the negligence of Plaintiff, Jill A. Steinle, is determined to be greater than fifty percent of the total percentage of fault, then that negligence bars recovery. In the event that the negligence of Plaintiff, Jill A. Steinle, is fifty percent or less, the recovery must be reduced by the percentage of fault attributed to Plaintiff, Jill A. Steinle.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint impermissibly names a fictitious defendant.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs failed to name an indispensable party, namely Ken Reynolds, under Super Ct. Civ. R. 19.

## TENTH AFFIRMATIVE DEFENSE

Answering defendant gives notice that it intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery or other proceeding

and thus reserves the right to amend this list to assert such other defenses to which it may be entitled.

## RESERVATION OF IME RIGHTS

Answering Defendant specifically reserves the right to require the plaintiff, Jill A. Steinle, to undergo an independent medical examination at a time and place convenient for the parties.

WHEREFORE Answering Defendant demands that judgment be entered in its favor and against plaintiffs, together with reasonable attorney's fees and costs.

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

By:     _____

THOMAS J. GERARD, ESQUIRE
I.D. No. 2959
1220 N. Market Street, 5th Floor
P.O. Box 8888
Wilmington, Delaware 19899-8888
(302) 552-4303
Attorney for Defendant, Lankford-Sysco
Food Services

DATED:     10/6/05

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR SUSSEX COUNTY

JILL A. STEINLE and ERNEST E.   :
STEINLE,   :
  :     C.A. No. 05C-08-002 RFS
      Plaintiffs,   :
  :     ARBITRATION
v.   :
  :     TRIAL BY JURY OF
LANKFORD-SYSCO FOOD   :     TWELVE DEMANDED
SERVICES, LLC, a Maryland   :
corporation, and JOHN DOE,   :
  :
      Defendants.   :

## ANSWER OF DEFENDANT, LANKFORD-SYSCO FOOD SERVICES, TO FORM 30 INTERROGATORIES

1.  Give the name and present, or last known, residential and employment address and telephone number of each eye-witness to the incident which is the subject of this litigation.

**ANSWER:**    The parties and any persons identified in plaintiffs' answers to Form 30 Interrogatories.

2.  Give the name and present, or last known, residential and employment address and telephone number of each person who has knowledge of the facts relating to the litigation.

**ANSWER:**

(a)    Personnel of Marshall, Dennehey, Warner, Coleman & Goggin;

(b)    Ken Reynolds, operator of the Lankford-Sysco truck;

(c)    Jerry N. Barbierri, an employee of Lankford-Sysco Food Services; and

(d)    John Vedas, Gallagher Bassett Services, Inc., 1390 Enclave Parkway, Houston, TX 77077.

3. Give the names of all persons who have been interviewed in connection with the above litigation, including the names and present, or last known, residential and employment addresses and telephone numbers of the persons who made said interviews and the names and present, or last known, residential and employment addresses and telephone numbers of persons who have the original and copies of the interview.

**ANSWER:**    Objection, to the extent that this interrogatory seeks information protected by the attorney-client privilege and/or work product doctrine. Without waiving this objection, Plaintiff, Jill A. Steinle, provided a recorded statement on October 9, 2003 and on October 6, 2003, Plaintiff, Ernest E. Steinle, contacted Lankford-Sysco and notes were taken as a result of this conversation.

4. Identify all photographs, diagrams or other representation made in connection with the matter in litigation, giving the name and present, or last known, residential and employment address and telephone number of the persons having the original and copies thereof. (In lieu thereof, a copy can be attached.)

**ANSWER:**    Objection, to the extent that it seeks information protected by the attorney-client privilege and/or work product doctrine. Without waiving this objection, Defendant, Lankford-Sysco Food Services, is in possession of three (3) pictures of the scene of the accident.

5. Give the name, professional address and telephone number of all expert witnesses presently retained by the party together with the dates of any written opinion prepared by said expert. If an expert is not presently retained, describe by type the experts whom the party expects to retain in connection with the litigation.

2

**ANSWER:**    Objection, to the extent this interrogatory exceeds the scope of Super Ct. Civ. R. 26. Notwithstanding the objection, and subject to it, Defendant has not determined what expert witness, if any, will be called to testify on his behalf at trial, but reserves the right to do so in the future and will update this interrogatory as mandated by Rule 26 and the Court.

6.  Give a brief description of any insurance policy, including excess coverage, that is or may be applicable to the litigation, including:

        (a) The name and address of all companies insuring the risk;

        (b) The policy number;

        (c) The type of insurance;

        (d) The amounts of primary, secondary and excess coverage.

**ANSWER:**

        (a) To be provided;

        (b) To be provided;

        (c) Commercial Liability;

        (d) To be provided.

**MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN**

By: _____

THOMAS J. GERARD, ESQUIRE
I.D. No. 2959
1220 N. Market Street, 5th Floor
P.O. Box 8888
Wilmington, Delaware 19899-8888
(302) 552-4303
Attorney for Defendant, Lankford-Sysco
Food Services

DATED:

## CERTIFICATION OF SERVICE

I hereby certify that I have served upon all persons listed below two true and correct copies of the ANSWER OF DEFENDANT, LANKFORD-SYSCO FOOD SERVICES, TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE DEFENSES AND CROSSCLAIM and ANSWERS OF DEFENDANT, LANKFORD-SYSCO FOOD SERVICES, TO FORM 30 INTERROGATORIES in the above-captioned matter via regular mail on this date to the following:

Clayton E. Bunting, Esquire
Wilson, Halbrook & Bayard
P.O. Box 690
Georgetown, DE 19947

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

By: _____
THOMAS J. GERARD, ESQUIRE
I.D. No. 2959
1220 N. Market Street, 5th Floor
P.O. Box 8888
Wilmington, Delaware 19899-8888
(302) 552-4303
Attorney for Defendant, Lankford-Sysco
Food Services

DATED:    10/6/05

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR SUSSEX COUNTY

JILL A. STEINLE and EARNEST E.    :
STEINLE
                                  :
        Plaintiff,                :        C.A. No. 05C-08-002 RFS
                                  :
                                  :        ARBITRATION PROCEEDING
    v.                            :
                                  :        TRIAL BY JURY OF 12 DEMANDED
LANKFORD-SYSCO FOOD SERVICES,     :
LLC, a Maryland Corporation and John :
Doe                               :
        Defendants.               :

## ENTRY OF APPEARANCE

PLEASE ENTER THE APPEARANCE of Thomas J. Gerard, Esquire, Marshall, Dennehey,

Warner Coleman & Goggin, on behalf of the Defendants, LANKFORD-SYSCO FOOD SERVICES,

LLC and JOHN DOE. The Entry Of Appearance shall not be considered to be a waiver of any

jurisdictional defects in service upon the Defendant, LANKFORD-SYSCO FOOD SERVICES, LLC and

JOHN DOE. The Defendant, LANKFORD-SYSCO FOOD SERVICES and JOHN DOE, specifically

reserve all rights to raise jurisdictional, service, or statute of limitations defects which may be available.

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

_____
THOMAS J. GERARD, ESQUIRE (ID#2959)
1220 MARKET STREET, 5TH FLOOR
P.O. BOX 8888
WILMINGTON, DE 19899-8888
(302) 552-4303

Dated: September 9, 2005

## CERTIFICATE OF SERVICE

I hereby certify that I have served upon all persons listed below two true and correct

copies of ENTRY OF APPEARANCE, in the above-captioned matter this date via fax and

regular mail:

Clayton Bunting, Esq.
Wilson, Halbrook & Bayard
P.O. Box 690
Georgetown, DE 19947
Fax: 302-856-7116

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

THOMAS J. GERARD, ESQUIRE (#2959)
1220 MARKET STREET, 5TH FLR.
P.O. BOX 8888
WILMINGTON, DE 19899-8888
(302) 552-4306

DATED: September 9, 2005

315_A\LLAB\TJGCLPG005707\CCB\_9660\00109

08/30/2005 13:18 FAX

0669

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR SUSSEX COUNTY.

| | |
|---|---|
| JILL A. STEINLE and<br>ERNEST E. STEINLE, | : C.A. No. _____ |
| | : |
| Plaintiffs, | : ARBITRATION PROCEEDING |
| | : |
| v. | : TRIAL BY JURY OF 12 DEMANDED |
| | : |
| LANKFORD-SYSCO FOOD<br>SERVICES, LLC, a Maryland<br>corporation, and<br>JOHN DOE, | : RECEIVED<br>:<br>: AUG 15 2005<br>: 10:05 |
| | : |
| Defendants. | : |

RECEIVED
Secretary of State

2005 AUG -1 PM 2:48
FILED
PROTHONOTARY
SUSSEX COUNTY

**RULE 3 AFFIDAVIT**

STATE OF DELAWARE  :
                                    : SS.
COUNTY OF SUSSEX  :

BE IT REMEMBERED, that on this 1ˢᵗ day of _August_, 2005, personally appeared before me, the Subscriber, a Notary Public for the State and County aforesaid, CLAYTON E. BUNTING, who, being by me first duly sworn according to law, did depose and say:

      1.    He is the attorney for Jill A. Steinle and Ernest E. Steinle, Plaintiffs in the abovecaptioned civil action.

      2.    All documentary evidence relating to special damages in this matter is being gathered and will be supplied to the attorney for the defendant(s) upon entry of an appearance.

      3.    All relevant tax information will be supplied to the attorney for the defendant(s) upon entry of an appearance.

CLAYTON E. BUNTING

SWORN TO AND SUBSCRIBED before me, the day and year aforesaid.

Notary Public

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR SUSSEX COUNTY.

| | |
|---|---|
| JILL A. STEINLE and<br>ERNEST E. STEINLE, | : C.A. No. _____ |
| | : |
| Plaintiffs, | : ARBITRATION PROCEEDING |
| | : |
| v. | : TRIAL BY JURY OF 12 DEMANDED |
| | : |
| LANKFORD-SYSCO FOOD<br>SERVICES, LLC, a Maryland<br>corporation, and<br>JOHN DOE, | : |
| | : |
| Defendants. | : |

**CERTIFICATION OF UNKNOWN DEFENDANT(S)**

I, Clayton E. Bunting, Esquire, attorney for Plaintiffs, do hereby certify in my

opinion that Plaintiffs are unable to ascertain all possible defendants at this time.

WILSON, HALBROOK & BAYARD

By: _____
CLAYTON E. BUNTING
P.O. Box 690
Georgetown, DE 19947
(302) 856-0015
Attorney for Plaintiffs

DATED: 8/1/05

08/30/2005 13:20 FAX                                                    017/026

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

### IN AND FOR SUSSEX COUNTY.

JILL A. STEINLE and                    : C.A. No. _____
ERNEST E. STEINLE,                     :
                                       :
            Plaintiffs,                : ARBITRATION PROCEEDING
                                       :
      v.                               : TRIAL BY JURY OF 12 DEMANDED
                                       :
LANKFORD-SYSCO FOOD                    :
SERVICES, LLC, a Maryland              :
corporation, and                      :
JOHN DOE,                              :
                                       :
            Defendants.                :

## ANSWERS TO INTERROGATORIES
## APPEARING IN SUPERIOR COURT
## INTERIM CIVIL RULE FORM 30

**Interrogatory 1**.  Give the name and present or last known residential and employment address and telephone number of each eyewitness to the incident which is the subject of the litigation.

**Answer 1**. Josephine Yuppa, 19 Douglas Terrace, Woodcliff Lake, NJ 07677.

**Interrogatory 2**.  Give the name and present or last known residential and employment address and telephone number of each person who has knowledge of the facts relating to the litigation.

**Answer 2**. In addition to Plaintiffs, the following:

    **a.**    Representatives of Gallagher Bassett, 1390 Enclave Parkway, Houston, Texas 77077;

    **b.**    Dr. Paul Howard, 1535 Savannah Road, Lewes, Delaware 19958;

       c.      **Representatives of Tidewater Physical Therapy, 63 Atlantic Avenue,** Ocean View, Delaware 19970;

       d.      **Dr. Paul Harriott, 702B Savannah Road, Lewes, Delaware 19958;**

       e.      **Representatives of Medical Benefits Administrators of MD, Inc., 3103** Emmorton Road, Abington, Maryland 21009;

       f.      **Dr. James Kramer, P.O. Box 348, Selbyville, Delaware 19975;**

       g.      **Medical personnel at Beebe Medical Center, 424 Savannah Road,** Lewes, Delaware 19958;

       h.      **Dr. Habib Boulourchi, Henlopen Cardiology, 4503 Highway One,** Rehoboth Beach, Delaware 19971;

       i.      **Jerry Barbierri, Lankford-Sysco Food Services, Inc., Pocomoke City,** Maryland 21851;

       j.      **Representatives of the Town Manager's Office, Town of Bethany** Beach, Delaware 19930;

       k.      **Dr. Jihad Alhariri, 360 Long Neck Road, Millsboro, Delaware 19966.**

      **Interrogatory 3.**  Give the names of all persons who have been interviewed in connection with the above litigation, including the names and present or last known residential and employment addresses and telephone numbers of the persons who made said interviews and the names and present or last known residential and employment addresses and telephone numbers of persons who have the original and copies of the interview.

      **Answer 3.**  None to date other than Plaintiffs by counsel, which are privileged.

09/30/2005 13:20 FAX                             ☑ 019/020

**Interrogatory 4.** Identify all photographs, diagrams or other representations made in connection with the matter in litigation, giving the name and present or last known residential and employment address and telephone number of the person having the original and copies thereof. (In lieu thereof, a copy can be attached.)

**Answer 4.** **Plaintiff's counsel is in possession of photographs of accident scene.**

**Interrogatory 5.** Give the name, professional address and telephone number of all expert witnesses presently retained by the party, together with the dates of any written opinions prepared by said expert. If an expert is not presently retained, describe by type the experts whom the party expects to retain in connection with the litigation.

**Answer 5.** **None retained as such at this time; experts expected to be retained will be medical providers.**

**Interrogatory 6.** Give a brief description of any insurance policy, including excess coverage, that is or may be applicable to the litigation, including:

    (a) The name and address of all companies insuring the risk;

    (b) The policy number(s);

    (c) The type of insurance;

    (d) The amounts of primary, secondary and excess coverage.

**Answer 6.** **None known to Plaintiffs other than their personal health insurance, which has paid medical bills for Mrs. Steinle's treatment and alleges a subrogation lien for repayment of amounts paid.**

**Interrogatory 7.** Give the name, professional address, and telephone number of all physicians, chiropractors, psychologists and physical therapists who have examined or treated you at any time during the ten year period immediately prior to the date of the incident at issue in this litigation.

Answer 7.   Dr. Vincent Killeen, 1535 Savannah Road, Lewes, Delaware 19958; Dr. Habib Boulourchi, Henlopen Cardiology, 4503 Highway One, Rehoboth Beach, Delaware 19971.

WILSON, HALBROOK & BAYARD

By: _____

CLAYTON E. BUNTING, Bar ID #176
P.O. Box 690
Georgetown, DE  19947
(302) 856-0015
Attorney for Plaintiffs

DATED:  4|1|06

08/30/2005 13:20 FAX                                                                        ☑ 021/026

## VERIFICATION

**STATE OF TEXAS**                :

                                                  : SS.

**COUNTY OF**                        :

   BE IT REMEMBERED, that on this __19__ day of ___July___, A.D.

2005, personally appeared before me, the Subscriber, a Notary Public for the State and County

aforesaid, **ERNEST E. STEINLE** and **JILL A. STEINLE**, who, being by me first duly sworn

according to law, did depose and say:

   (1)  They are the plaintiffs named in the foregoing civil action; and

   (2)  The facts and circumstances set forth in the foregoing **Answers to Form**

**30 Interrogatories** are true and correct, to the best of their knowledge, information and belief.

            _____

            **Ernest E. Steinle**

            _____

            **Jill A. Steinle**

**SWORN TO AND SUBSCRIBED** before me, the day and year aforesaid.

            _____

            Notary Public

CHUCK PULKIPOFF
Notary Public, State of Texas
My Commission Expires
MARCH 1, 2006

08/30/2005 19:19 FAX                                                      Ø006/026

## SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)

COUNTY: NEW CASTLE ☐   KENT ☐   SUSSEX ☒        Civil Action Number: 05C-08-002 RFS

Civil Case Code: CPIN                            Civil Case Type: Personal Injury

(SEE PAGE TWO FOR CIVIL CASE CODE & CIVIL CASE TYPE)

| Caption:<br><br>Jill A. Steinle and Ernest E. Steinle<br><br>v. Lankford-Sysco Food Services, LLC,<br><br>a Maryland Corporation, and John Doe | Name and Status of Party filing document:<br><br>Jill A. Steinle and Ernest E. Steinle<br>Plaintiffs<br>Document Type: (e.g., COMPLAINT; ANSWER WITH COUNTERCLAIM)<br><br>Complaint<br><br>Non-Arbitration ☐        eFile ☐<br>(CERTIFICATE OF VALUE MAY BE REQUIRED)<br><br>Arbitration ☒  Mediation ☐  Neutral Assessment ☐<br>DEFENDANT (CHECK ONE)  ACCEPT ☐  REJECT ☐<br>JURY DEMAND  YES ☒  No ☐<br><br>TRACK ASSIGNMENT REQUESTED (CHECK ONE)<br>EXPEDITED ☐    STANDARD ☒    COMPLEX ☐ |
| Attorney Name(s):<br>Clayton E. Bunting<br>Attorney ID(s):<br>376<br>Firm Name:<br>Wilson, Halbrook & Bayard<br>Address:<br>P.O. Box 690<br>Georgetown, DE 19947<br>Telephone Number:<br>856-0015<br>Fax Number:<br>856-7116<br>E-Mail Address:<br>cebuntin@whblaw.com | Identify any related cases now pending in the Superior Court by Caption and Civil Action Number including Judge's Initials<br><br><br>Explain the relationship(s):<br><br><br><br>Other unusual issues that affect case management:<br><br><br><br>(IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGE.) |

THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER, OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED. THE FAILURE TO FILE THE CIS AND HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.

Revised 9.17.03

08/30/2005 13:19 FAX                                                     002/026

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR SUSSEX COUNTY.

| | |
|---|---|
| JILL A. STEINLE and<br>ERNEST E. STEINLE,<br><br>Plaintiffs,<br><br>v.<br><br>LANKFORD-SYSCO FOOD<br>SERVICES, LLC, a Maryland<br>corporation, and<br>JOHN DOE,<br><br>Defendants. | : C.A. No. _____<br>:<br>:<br>: ARBITRATION PROCEEDING<br>:<br>: TRIAL BY JURY OF 12 DEMANDED<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

### PRAECIPE

TO:   PROTHONOTARY OF SUSSEX COUNTY

PLEASE ISSUE a writ of summons in the above matter and address the writ to the Sheriff of Kent County for service upon the Secretary of State pursuant to the provisions of 8 *Del. C.* §382(a). Defendant Lankford-Sysco Food Services, LLC, is a Maryland corporation not qualified to do business in Delaware. Its registered office is located at 5th Floor, 516 North Charles Street, Baltimore, Maryland; the name of its registered agent at such address is Capitol Corporate Services, Inc.

                                        WILSON, HALBROOK & BAYARD

                                        By: _____
                                             CLAYTON E. BUNTING
                                             P.O. Box 690
                                             Georgetown, DE 19947
                                             (302) 856-0015
                                             Attorney for Plaintiffs

DATED:  8/1/05

09/30/2005 13:19 FAX                                                    ☑010/028

### IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

### IN AND FOR SUSSEX COUNTY.

| | |
|---|---|
| JILL A. STEINLE and<br>ERNEST E. STEINLE, | : C.A. No. _____<br>: |
| Plaintiffs, | : ARBITRATION PROCEEDING<br>: |
| v. | : TRIAL BY JURY OF 12 DEMANDED<br>: |
| LANKFORD-SYSCO FOOD<br>SERVICES, LLC, a Maryland<br>corporation, and<br>JOHN DOE, | : PARAGRAPH 4 OF THE COMPLAINT<br>: MUST BE DENIED BY AFFIDAVIT<br>:<br>: |
| Defendants. | : |

*(stamp: FILED PROTHONOTARY SUSSEX COUNTY 2005 AUG -1 PM 2:48)*

### COMPLAINT

AND NOW COME the Plaintiffs, by and through their attorneys, Wilson, Halbrook & Bayard, and hereby allege the following:

### COUNT I

1.       Plaintiffs, Jill A. Steinle and Ernest E. Steinle, are husband and wife currently residing in Lakeway, Texas. At all times referred to herein, they were residents of Bethany Beach, Delaware.

2.       Defendant Lankford-Sysco Food Services, LLC, formerly Lankford-Sysco Food Services, Inc. (hereinafter "Sysco"), is a Maryland corporation whose resident agent for service of process is Capitol Corporate Services, Inc., 5th Floor, 516 North Charles Street, Baltimore, Maryland 21201.

3.       At all times referred to herein, upon information and belief, Defendant John Doe is an unknown individual who operated Defendant Sysco's delivery truck as an

08/30/2005 13:19 FAX                                                    ☑ 01/028

employee, servant or agent of said Defendant Sysco, and was operating the vehicle and delivering food products in and about the course of his duties as a servant, agent or employee of said Defendant.    Pursuant to the provisions of 10 Del. C. §3916, Plaintiffs hereby specifically require Defendants to deny the allegations of this present paragraph 3 by affidavit, setting forth the factual basis for the denial.

4.    On October 3, 2003, Plaintiff Jill Steinle was walking on a public sidewalk on Garfield Parkway, Bethany Beach, Sussex County, Delaware.

5.    At the time and place aforesaid, Defendant John Doe had stopped the delivery truck that he was operating, owned by Defendant Sysco, and backed it to the curb in front of a TCBY store to make a delivery of food products.

6.    At the time and place aforesaid, Defendant John Doe lowered the ramp from the rear of the truck across the public sidewalk on Garfield Parkway to facilitate his deliveries.  Defendant John Doe's placement of the ramp rendered the sidewalk dangerous for use by Plaintiff Jill Steinle and other members of the public.

7.    At the time and place aforesaid, Plaintiff Jill Steinle tripped over the ramp across the sidewalk and fell to the concrete.

8.    There was no advance warning or other indication apparent to Plaintiff Jill Steinle that the public sidewalk was unsafe for her to walk upon in the ordinary course.

9.    Defendant John Doe at all times mentioned herein knew or should have known that the ramp across the sidewalk and perpendicular to the direction of pedestrian traffic endangered the safety of persons walking on the sidewalk, and persons of ordinary prudence in the position of Defendant John Doe knew or should have known the same and remedied the same prior to Plaintiff's fall.  In spite of the foregoing, Defendant John Doe negligently failed and