IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JILL A. STEINLE and EARNEST E. STEINLE<br><br>　　　　Plaintiff,<br><br>v.<br><br>LANKFORD-SYSCO FOOD SERVICES, LLC, a Maryland Corporation, and KEN F. REYNOLDS,<br><br>　　　　Defendants. | :<br>:<br>:　C.A. No. 05-819<br>:<br>:<br>:<br>:<br>:　TRIAL BY JURY OF<br>:　TWELVE DEMANDED<br>:<br>:<br>:<br>: |

## JOINT STATUS REPORT

Pursuant to the Court's Order of May 26, 2006, counsel for the parties submit the following status report:

1. **Jurisdiction and Service.**

All parties in this action have been served. The parties agree that there exists complete diversity among the parties and that the amount in controversy exceeds the sum of $75,000.00.

An issue exists as to whether suit was instituted against Defendant, Ken F. Reynolds, within the applicable two (2) year statute of limitations pursuant to 10 Del. C. 8119.

2. **Substance of the Action.**

Defendants claim that the condition was open and obvious and that it was not an unreasonably dangerous condition on the date of plaintiff's trip and fall. Defendants also claim that Plaintiff, Jill A. Steinle, failed to exercise due care for her own safety, specifically by failing to keep a proper lookout as she walked down the sidewalk.

3. **Identification of Issues.**

The parties agree that plaintiff, Jill A. Steinle, fell on the date alleged. While Plaintiffs claim that the ramp created an unsafe condition, the defendants claim that there was no unsafe condition in that there was a means of passage which was not impeded by the ramp and the condition was open and obvious. Defendants also question whether all of the injuries claimed by Plaintiff, Jill A. Steinle, are related to the trip and fall.

4. **Narrowing of Issues.**

Counsel do not believe the issues as stated above can be narrowed any further.

Counsel agree there may be some factual issues upon which they may agree after discovery is complete (for instance, the amount of special damages claimed for medical expenses and for lost wages, plaintiff's life expectancy, and even the nature of the injury itself).

5. **Relief.**

Plaintiffs seek general damages for pain, suffering, mental anguish, loss of quality of life, loss of enjoyment of life, and permanent injury, all in both the past and the future. Plaintiff also claims special damages which have yet to be determined. Finally, plaintiff's spouse claims general damages for loss of consortium.

6. **Amendment of Pleadings.**

No amendments are contemplated by counsel.

7. **Joinder of Parties.**

No joinder is contemplated by counsel.

8. **Discovery.**

Defendant either has filed its initial disclosures or will do so before the status and scheduling conference.

Counsel believe that all relevant documents have been, or will be, exchanged voluntarily. Counsel will exchange all additional medical records and reports and any employment information relevant to the issue of lost wages.

Counsel do not anticipate extensive discovery. Plaintiffs intend to serve interrogatories and request for production and will take the depositions of defendants.

Defendants intend to serve interrogatories and requests for production and will take the depositions of plaintiffs and witnesses. Defendants may schedule a defense medical evaluation of plaintiff.

The parties contemplate retention of experts consisting of medical experts, economists, and vocational experts whose reports have been or will be exchanged voluntarily. At such time as the experts are identified and their reports are produced, experts will be deposed.

Finally, plaintiff has, or soon will, provide medical and employment authorizations to the defendant to expedite the discovery process.

9. **Estimated trial length.**

Counsel estimate that trial will last three (3) days.

10. **Jury trial.**

Both parties have requested trial by jury.

11. **Settlement.**

Because of the contested liability, counsel believe the prospects for settlement are not good.

12. **Other matters.**

No other matters occur to counsel at this time.

13. Counsel for the parties have conferred, in writing, and by telephone about all of

the above matters.

| MARSHALL, DENNEHEY, WARNER COLEMAN & GOGGIN | SEITZ, VANOGTROP & GREEN, P.A. |
|---|---|
| /s/ Thomas J. Gerard | /s/ Bernard A. vanOgtrop |
| THOMAS J. GERARD, ESQUIRE | BERNARD A. vanOGTROP, ESQUIRE |
| DSBA No. 2959 | DSBA No. 376 |
| 1220 North Market Street | 222 Delaware Ave., Ste. 1500 |
| P.O. Box 8888 | P.O. Box 68 |
| Wilmington, DE  19899 | Wilmington, DE  19801 |
| (302) 552-4303 | (302) 888-7601 |
| Attorney for Defendant | Attorney for Plaintiffs |

DATED:    6/9/06              DATED:    6/9/06

\15_A\LIAB\ESTHOMPSON\LLPG\356182\ESTHOMPSON\19660\00109