IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JILL A. STEINLE and EARNEST E. STEINLE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 05-819 (GMS) |
| LANKFORD-SYSCO FOODS SERVICES, LLC, and KEN F. REYNOLDS, | ) ) ) | |
| Defendants. | ) | |

## **ORDER**

On August 1, 2005, plaintiffs Jill A. Steinle and Earnest E. Steinle, filed a personal-injury suit against Lankfor-Sysco Food Services, LLC in Delaware state court. On November 18, 2005, the plaintiffs amended their complaint to include Ken F. Reynolds as an additional defendant. The defendants then removed the case to this court on November 30, 2005 pursuant to 28 U.S.C.A. § 1441 (1994), contending that the court has subject matter jurisdiction pursuant to 28 U.S.C.A. § 1332(a) (1993). (D.I. 1.)

"The [defendants'] right to remove is to be determined according to the plaintiffs' pleading at the time of the petition for removal, and it is the [defendants'] burden to show the existence of federal jurisdiction." *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985). Moreover, the court is required to raise the issue of subject matter jurisdiction *sua sponte* any time it appears that jurisdiction may be lacking. *Shaffer v. GTE North, Inc.*, 284 F.3d 500, 502 (3d Cir. 2002). In determining whether there is jurisdiction under § 1332(a), the following criteria must be met: (1) there must be complete diversity of citizenship between the parties, and (2) the amount in controversy must exceed $75,000. *See* § 1332(a).

Here, the plaintiffs allege that Jill Steinle tripped over a ramp that the defendants' negligently placed on a sidewalk, causing her to sustain a "broken nose, chipped front tooth, black eye, tear on the inside of her lip, bruised ribs, and a fractured wrist, resulting in medical expenses of $4,452.45." (Amend. Compl. at ¶¶ 11-12.) The plaintiffs further allege loss-of-consortium damages on behalf of Earnest Steinle. (*Id*. at ¶ 15.) However, any loss of consortium could not possibly merit the additional $70,547.55 of damages necessary to meet the minimum amount in controversy required by § 1332(a). Therefore, the court does not have subject matter jurisdiction and the case will be remanded to state court.

IT IS HEREBY ORDERED THAT:

The above captioned action be REMANDED.

Dated: June 22, 2006                                /s/ Gregory M. Sleet
                                                    UNITED STATES DISTRICT JUDGE